MABEL SWEENEY, *p. a. vs.* FRANK D. McKENDALL.

JUNE 1, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Amendment of Pleadings After Opening to Jury.*

While a party has not the right to amend pleadings as of course, after a case has been opened to the jury, yet the court may in its discretion upon proper terms permit it, and where the opposing party does not ask for a continuance but goes to trial on the amended declaration, he has no ground of exception.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendant, and overruled.

BLODGETT, J.   This is an action of trespass on the case for negligence brought to recover damages for personal injuries sustained by the minor plaintiff on October 15th, 1903, by reason of a piece of brick falling from the control of the defendant, while repairing a chimney, and striking the plaintiff on the head and inflicting certain injuries thereto.   The cause was tried in the Superior Court on May 23d, 24th and 25th, 1910, before a jury, resulting in a verdict for the plaintiff in the sum of $550, and thereafter a motion for a new trial was denied by the trial justice.   The defendant during the progress of the cause took exception to certain rulings of the Superior Court, which are set out in his bill of exceptions and constitute the matters now before this court.

The defendant's first exception is to a ruling of the court previous to the trial, overruling a demurrer to the amended declaration.   His third exception is that the trial justice, after the case had been opened to the jury, permitted a further amendment to the declaration in these words, referring to the plaintiff "having been invited thereon by the occupants of the said adjoining premises," the effect of which it is admitted was to constitute the plaintiff an invitee thereon and not a mere licensee as set forth in the declaration before said last amendment.

(1)     While a party has not a right to amend his pleadings as of course after a case has been opened to the jury (*Hall* v. *Greene*, 24 R. I. 286), it is nevertheless within the power of the court in its discretion to permit an amendment, of course granting to the opposing party a continuance if he claims to be surprised thereby, and an opportunity to demur or plead to the pleading thus amended and to impose terms as to payment and recovery of costs and otherwise as the circumstances of each case may require.   In the case at bar the defendant did not ask for a continuance or for time to demur or plead to the declaration as thus amended and went to trial on the issues raised by the general issue of not guilty theretofore filed.

We are of the opinion that the action of the court in permitting such second amendment disposed of the defendant's demurrer to the declaration as it theretofore stood and that he takes nothing by his exception to the ruling of the court overruling the same.   Also that not having asked for a continuance, and having gone to trial on such amended declaration he now has no ground of exception to the same.   The declaration having been thus amended the defendant's exceptions to the admissibility of evidence showing an invitation avail him nothing inasmuch as the fact of such invitation was one of the issues then raised by the pleadings.

Upon a review of the evidence we see no reason to depart from the rule heretofore laid down by this court in cases where the verdict has been approved by the trial justice, as set forth in *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292.

Defendant's exceptions overruled and case remitted to the Superior Court with direction to enter judgment on the verdict.

*Cooney & Cahill*, for plaintiff.

*Thomas A. Carroll, Walter P. Suesman*, for defendant.

