BERNICE M. WILLIAMS *vs.* UNITED ELECTRIC RAILWAYS CO.

JULY 3, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action of trespass on the case for negligence to recover for personal injuries received as the result of a collision between one of defendant's street cars, in which plaintiff was a passenger, and an automobile operated by one Joseph N. Frechette. The trial in the Superior Court resulted in a verdict for the plaintiff. The

case is here on defendant's exception to the denial of its motion for a new trial.

The accident occurred at the intersection of Angell and Hope streets in the city of Providence at about 11:25 p. m. At that time snow, four or five inches deep, which had fallen during the evening, was upon the ground, and snow was still falling thickly. The street car was proceeding westerly on Angell street and the automobile southerly on Hope street which crosses Angell street at right angles. The left-hand front corner of the automobile collided with the street car at its right front door. The collision pushed the front trucks of the street car off the rails and demolished the step leading to said door. The plaintiff, who was seated in the front cross-seat and next to the aisle, was thrown sideways into the aisle.

The plaintiff's contention, which was based upon the testimony of the operator of the automobile, was that the motorman operated the street car at an excessive speed and, through negligence, failed to stop the car when he should have observed that the automobile was stopped with its front end over or close to the north car rail. To show how the accident happened, the plaintiff relied mainly upon the testimony of said operator, who testified that, when he saw the street car approaching the intersection and while he was proceeding at a speed not in excess of fifteen miles per hour, he applied his brakes and the automobile slid about thirty-five feet to a point where the front end was very close to or slightly over the north rail of the car track; that while he was in this position his engine stalled; that when the automobile stopped the street car was twenty feet away and that one half a minute elapsed before the car hit the automobile. It appeared that the operator had filed a claim for damages caused to his automobile, and it is very apparent that he endeavored to place the blame for the accident upon the motorman. The operator's testimony was contradictory in many particulars and many of his estimates of time and space were absurd.

As to excessive speed, it is sufficient to say that after the collision the street car stopped within a very few feet, if not almost immediately. The rails and hard-surfaced street were slippery. If its speed had been from twenty-five to thirty miles per hour as contended by plaintiff, the street car, even with the front trucks off the rails, would not have stopped so suddenly. The point of contact of the automobile with the car is shown by the damage to the right front corner thereof. If the overhang of the car, or even its front corner, struck the left front corner of the automobile when it was stationary, the automobile would have been brushed aside. The street being slippery, great force would not have been necessary to push the front of the automobile out of the way of the overhang of the car. It seems improbable that the forward trucks would have been forced off the rails unless a force of considerable momentum had been applied to the side of the car opposite to these trucks. It is the defendant's contention, supported by the testimony of disinterested witnesses as well as by the physical facts, that the operator of the automobile drove it aganst the side of the street car.

In denying the defendant's motion for a new trial, the trial justice used language as follows: "It was the plaintiff's contention that the automobile was proceeding south on Hope street; that it came to a full stop at the nearest car rail; that at that time the electric car was opposite a stone wall, pointed out to the jury during the view, which appeared to the Court to be over 150 feet distant from the center of the intersection . . . ."

Although the operator of the automobile made many contradictory statements as to distances and otherwise, neither he nor any other witness testified that the street car was opposite a stone wall when the automobile stopped. Said operator, although he later contradicted the statement, in one portion of his testimony did state that when he first observed the street car it was opposite a stone wall.

We have frequently pointed out that the rule of *Wilcox* v. *R. I. Co.*, 29 R. I. 292, does not apply and that a verdict acquires no additional support from the approval of the trial justice, when it appears that such approval is based upon an error of law or a misconception of the evidence, or when it appears that the verdict is opposed to established physical facts.

For the reasons that the physical facts strongly contradict the plaintiff's contention and that the trial justice, in denying the defendant's motion for a new trial, misconceived the evidence, the defendant's exception is sustained.

The case is remitted to the Superior Court for a new trial.

*Fergus J. McOsker*, for plaintiff.
*Clifford Whipple, Frank J. McGee*, for defendant.