RICHARD DUFFY *vs.* UNITED ELECTRIC RAILWAYS CO.

JULY 29, 1936.

PRESENT: Flynn, C. J., Moss, Baker, and Condon, JJ.

FLYNN, C. J.   This is an action on the case for negligence to recover damages for personal injuries resulting from a collision at Six Corners, East Providence, July 18, 1931, between a truck operated by the plaintiff and a street car owned by the defendant and operated by its agent and servant.   The jury returned a verdict for the plaintiff, and the defendant's motion for a new trial, after hearing, was denied by the trial justice.

The case is before us on the defendant's bill of exceptions, setting out several alleged errors in certain rulings made during the course of the trial by the trial justice, and including an exception to his decision denying the defendant's motion for a new trial.

All of the exceptions have been abandoned or waived by the defendant, excepting only its second exception, to the refusal of the trial justice to grant its motion for the direction of a verdict for the defendant, and its fifth to eighth exceptions inclusive, all relating to the refusal of the trial justice to grant its motion for a new trial.

It appears from the evidence, among other things, that the plaintiff was driving a very large truck, partially loaded with garden produce, westerly along his right side of Taunton avenue, in the direction of Providence.   About ten feet from the corner where Taunton avenue enters Six Corners in East Providence from the east, or about opposite O'Connor's drug store, he looked to his left across the square and saw the defendant's electric car fully stopped some ten or fifteen feet back on Broadway, from the corner where that street enters the square from the south.   The truck and car were each then about eighty to ninety feet

from the point of eventual collision. Observing the car stopped to permit the operator to throw a switch, he continued to proceed across the square at twelve to fifteen miles per hour. The car subsequently started and proceeded northerly across the square at a speed, according to certain testimony, of seven or eight miles per hour, with the car operator having a normal, unobstructed vision for at least two hundred feet to his right, or easterly toward Taunton avenue. He testified he did not see the plaintiff's large truck approaching until it was only about two feet in front of him on the track, although the truck at all times would be generally in front of him and within his normal range of vision.

About twelve feet from the track, the plaintiff looked again and saw that the electric car had unexpectedly reached a point some "twenty or more feet away," and there was testimony that the electric car was then going seven miles per hour, and that a passenger, who was a fellow workman of the street car operator, shouted and called the operator's attention to the immediate danger. However, the street car was not checked or stopped sufficiently to avoid the collision with the left side at the rear wheel of the plaintiff's truck as it crossed the track.

The plaintiff also testified that, if he had applied his brakes at his then speed, he could have stopped in twelve to fifteen feet. This would have stopped his truck upon the track and made a collision almost certain. The car operator, on the other hand, testified that, at his speed, he could have stopped his car in two or three feet. There were no requests for any special findings and the general verdict of the jury was in favor of the plaintiff. This makes the third trial of this case, each one of which has resulted similarly in a verdict for the plaintiff.

This court has held repeatedly and consistently that a motion to direct a verdict should not be granted if, on any reasonable view of the evidence, the adverse party could prevail; and that upon such a motion, the court is not

concerned with determining the weight of the evidence, nor with passing upon the credibility of the witnesses. *Young* v. *Young*, 56 R. I. 401; *Gallo* v. *Simpson Spring Co.*, 55 R. I. 410; *Reddington* v. *Getchell*, 40 R. I. 463.

That the evidence discloses negligence on the part of the defendant operator is not seriously disputed. The real question raised is whether the evidence shows the plaintiff to be guilty of contributory negligence as a matter of law. The question of contributory negligence of the plaintiff, in the first instance, is one of fact for the jury to determine. We cannot say from our review of the transcript of evidence in the instant case, together with the reasonable inferences therefrom most favorable to the plaintiff's contention, that there was no evidence upon which he reasonably could prevail, or that no reasonable and prudent person, confronted with the same circumstances, would have taken action similar to that of the plaintiff.

It is significant, in this regard, that three different trial justices, at respective trials of this case, refused to grant the defendant's motions for nonsuit, as well as its motions for directed verdicts in its favor. We are of the opinion that there was conflicting evidence on a material issue which required the determination thereof by a jury, and therefore that the trial justice committed no error in refusing to direct a verdict for the defendant. *Douglas* v. *First National Stores, Inc.*, 54 R. I. 278. The second exception is therefore overruled.

The defendant's exceptions five to eight inclusive, represent the reasons assigned in its motion for a new trial which was made upon the usual grounds. They will be treated together. No exception to the charge of the trial court, as given, is pressed by the defendant. It therefore became the law of the case. Nor does the defendant suggest any refusal or failure on the part of the jury, in reaching its verdict, to follow the law as given by the trial court. The complaint of the defendant under this exception reduces itself chiefly to the argument that the rule in *Wilcox* v.

*Rhode Island Co.*, 29 R. I. 292, should not apply because the approval of the verdict by the trial justice appears to be based upon an error of law, and secondly, that the evidence discloses the plaintiff to be guilty of contributory negligence as a matter of law.

We have held, *supra*, that the evidence discloses conflicting evidence on a material factual issue to be determined by the jury. The only question, therefore, necessary for consideration under these exceptions, in view of the approval of the verdict by the trial justice, is whether there was sufficient evidence to support the verdict; or, to put it another way, whether the evidence so overwhelmingly preponderates against the verdict as to require a new trial in order to do substantial justice. The burden of establishing such a contention in the instant case is upon the defendant. Under our well-settled practice, it must establish before us that the trial justice was manifestly wrong.

The defendant argues that the rule in *Wilcox* v. *Rhode Island Co.*, *supra*, does not apply to the instant case, because it appears from the rescript of the trial justice that his approval is based upon an error of law. See *Williams* v. *United Electric Rys. Co.*, 53 R. I. 472, at 475. The language of the rescript relied upon for this contention is as follows: "The real issue in the case is the question of contributory negligence on the part of the driver of the truck, the plaintiff, and this Court feels that, under all the circumstances, the jury were justified in finding that the driver of the truck was in the exercise of due care in proceeding along the street after he saw the electric car was stopped."

The defendant immediately argues, however, *if* in the above quotation the trial justice means that the jury was justified in finding that the truck driver *did not have to look again* for the street car, before crossing the track, clearly he was in error.

The plain difficulty with this argument is that the trial justice, in our opinion, did not say or mean what the defendant adopts as the conditional premise for his con--

clusion. The quotation must be read with its whole context. The trial justice merely indicated, in general terms, the reasonableness of the jury's finding that the plaintiff's action, in continuing to proceed at his speed from Taunton avenue into the area of the Six Corners after looking and seeing the defendant's car fully stopped on Broadway, when both were approximately eighty feet from the eventual point of collision, with their respective courses set at right angles to each other and no obstruction to block the view of either operator, was not negligent in law.

The above-quoted language of the rescript follows the discussion by the trial justice of conditions which, in substance, leaves no doubt in his mind that the jury were justified in finding that the negligence of the operator of the electric car created the emergency which later confronted the plaintiff. Moreover, the uncontradicted testimony discloses that the plaintiff did not fail to look again, but did look again before entering upon the track, and, inferentially at least, made a decision that to keep going, under the circumstances, was more reasonably calculated to avoid a collision than would have been the case if he stopped.

The full language of the rescript, as we interpret it, bears directly upon the opinion of the trial justice as to which of the respective operators created through his negligence the condition of emergency, and whether the plaintiff then acted so unreasonably in the circumstances as to make him guilty of contributory negligence.

Whether the action of the plaintiff in such emergency was reasonable and prudent; whether he was guilty of any contributory negligence in view of the emergency conditions, which the jury might have found were imposed upon him by the negligent operation of the street car; and whether the negligence of the plaintiff, if any, was as late or later than the undisputed negligence of the street car operator from the time he entered the square from a complete stop, or as late or later than the car operator's negligence after he realized the plaintiff's peril, were

questions of fact which in the last analysis required determination by a jury. All of them were presented to the jury in the instant case under proper instructions and they were answered in the plaintiff's favor. There was evidence which, if believed, would support the verdict, and this verdict has been approved by the trial justice. As we interpret his approval, it was not based upon any error of law, as the defendant suggests, and the rule in *Wilcox* v. *Rhode Island Co., supra,* does apply.

In our determination of the questions as presented in the instant case, we are entitled to take into particular consideration the significant fact that three different juries have concurred upon an issue which is factual and that each determination was made after all of the witnesses had been seen and heard.

Under all the prevailing circumstances, we are of the opinion that the defendant has failed to establish that the trial justice was clearly wrong in approving the verdict. We also feel that substantial justice will be done between the parties by bringing an end to this litigation. The defendant's exceptions five to eight, inclusive, are therefore overruled.

All of the defendant's exceptions are overruled and the case is remitted to the superior court for the entry of judgment on the verdict.

*Hinckley, Allen, Tillinghast and Wheeler. Harold A. Andrews,* for plaintiff.

*Clifford Whipple, Frank J. McGee,* for defendant.