LAURA E. VROOMAN *vs.* THE SHEPARD CO.
HARRY R. VROOMAN *vs.* SAME.

MARCH 2, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

446

FLYNN, C. J. These are two actions of trespass on the case for negligence brought respectively by Laura E. Vrooman to recover for personal injuries, allegedly suffered by her as a result of the negligent operation by the defendant of an elevator door in its store, and by Harry R. Vrooman, her husband, to recover for loss and damage occasioned by such injuries to his wife. Both cases were tried together before a justice of the Superior Court, sitting with a jury, and at the conclusion of the evidence, upon motion, a verdict in each case in favor of the defendant was directed by the trial justice. To these rulings the plaintiffs duly excepted, and the cases are before us on their bills of exceptions to the rulings of the trial justice in directing verdicts for the defendant and to the allowance of certain testimony during the course of the trial.

Since the case of Harry R. Vrooman depends upon the liability, if any, established against the defendant in the case of his wife, our references here to the plaintiff will mean to Laura E. Vrooman. The defendant advances no contention concerning any lack of due care on the part of the plaintiff, so that the only question presented and urged

by the plaintiff here is whether there was any legal evidence of the defendant's negligence, requiring a determination of that issue by the jury.

The transcript of evidence discloses, among other facts, that the plaintiff was an invitee, having entered the defendant's department store to obtain, from the studio located on the third floor, the finished photographs of her minor daughter, which were to be ready for delivery that day; that she entered the store at Union and Westminster streets and proceeded toward the elevators on the Union street side of the street floor; that when the plaintiff and her daughter, who accompanied her, were about six feet from the elevator in question, the elevator starter, in uniform, was right in front of it and he directed the plaintiff into this elevator which was waiting to take passengers up; that the elevator doors were then open and that the elevator starter accompanied his invitation to the plaintiff with the language: "Going up, lady," at the same time pointing to the elevator to be used; that the plaintiff followed his direction and proceeded to enter the waiting elevator, the doors being still open; that the heavy outside casing door was closed upon her right shoulder, while she was in the act of entering the elevator, thereby forcing her left side against the casing, and causing her to quickly let go of the hand of her child, who remained outside; that the door was then pushed back or opened by the starter or operator to release the plaintiff, who remonstrated with the elevator operator, asking him: "What is the matter with you?" and that the starter, after speaking to the operator, replied: "I'm sorry, lady"; that the plaintiff then turned back, took her child's hand, and re-entered the same elevator, in which there had been waiting some seven or eight passengers, and went to the studio; that she rested there without making an immediate report of the accident, fearing, she said, that the operator would lose his position, and not believing her injuries were serious.

It was admitted by the defendant that the elevator and its operation, including the doors, were in the *exclusive* control of the defendant and its servants, and that the elevator's outside or casing door was not the ordinary type, but was a three-panelled or sectional, sliding, heavy door which, when opened, could not close itself or be closed without the intervention of a person's hand; that the starter was required, in the performance of his usual duties, to close this door and that he was there that day to perform, and did perform, his usual duty. There was also evidence that the elevator operator could open and close the outside door easily by pulling some sort of inside lever, and that he usually held his hands on the door when it was open; and that he also was performing his duties that day in his usual way. There was no evidence that the plaintiff, or any other person or intervening cause, started, or participated in, the closing of the door. The starter and elevator operator, however, denied that there was any accident at all that day and specifically denied certain testimony and inferences which involve them in closing the door and causing the alleged accident.

The trial justice apparently found, and the defendant here contends, that "there is no evidence in the case which shows that either the starter or the operator of the elevator handled that door in any way whatsoever. It is a case of an accident happening without any explanation, I mean as to negligent conduct." He therefore granted the motions of the defendant for directed verdicts in its favor. If such direct and positive evidence, in the circumstances presented in this case, be necessary in order to develop an issue of negligence for determination by the jury, the trial justice must be sustained. However, the defendant has presented no authorities which support that rather extreme view of the law of negligence.

The plaintiff, on the other hand, contends that she has established a series of definite facts and circumstances from which inferences might reasonably be drawn that the de-

fendant's servants negligently caused the door to be closed upon the plaintiff, while she was entering the elevator at the defendant's invitation.

We think that the plaintiff's position in this respect is correct and is supported by the authorities. While it is not possible to rest a case upon mere speculation, yet the plaintiff is not required, in *all* cases, to produce positive and direct evidence of an eyewitness to the alleged negligence. Its negligence may be established by indirect and circumstantial evidence, and by sufficient proof of other facts and circumstances from which such negligence may be fairly and reasonably inferred. Proper inferences from other proven facts, when considered in connection with all of the evidence, may satisfy reasonable minds that they lead to a logical conclusion that the injury resulted from the defendant's negligent acts, and they are for the jury to determine. 45 C. J. § 834; *Chisholm* v. *S. S. Kresge Co.,* 55 R. I. 422; *Gallo* v. *Simpson Spring Co.,* 55 R. I. 410.

The most favorable view of the evidence here tends to support the conclusion that the plaintiff was not only a general invitee, but was following a particular invitation or direction to enter a certain waiting elevator; that the casing door was fully open at that time, and could not close itself, and that it would not, in the ordinary and natural course of things, have been closed upon the plaintiff and caused injury, if proper care in its operation had been exercised by the defendant; that the door's operation was admittedly in the exclusive control of the defendant through its servants, the elevator operator and starter; that both of them were present that day to perform and did perform their usual duties; that the starter, or operator, if we believe the plaintiff, actually pushed open the door after the accident to release her, and that the starter spoke to the operator about the accident and then, in substance, apologized for its premature closing upon her. Of course, certain material testimony and inferences, as above indicated, were specifically denied by the defendant, mak-

ing it possible to reach different conclusions, but the evidence and reasonable inferences, viewed on this motion most favorably to the plaintiff, would support the plaintiff's claim.

The defendant urges that the plaintiff's testimony concerning the starter's closing of the door is self-contradicted by his position at that time, as established by plaintiff's testimony and by physical laws. The evidence relied upon for this argument, while perhaps open to the defendant on the issue of credibility, is not definite and conclusive so as to warrant application of the cases of *Whalen* v. *Dunbar*, 44 R. I. 136 and *Gorman* v. *Hand Brewing Co.*, 28 R. I. 180, as cited by the defendant.

Nor is the instant case to be decided upon the authority of *Davis* v. *Joslin Mfg. Co.*, 29 R. I. 101. In that case a child *trespasser* allegedly fell into a ditch upon the defendant's land. There was no evidence of when, where, or how she fell in, and no evidence of any facts to support any reasonable inferences of negligence of the defendant. In the instant case, however, the plaintiff is an *invitee* and there is evidence of facts and circumstances, if believed and considered most favorably to the plaintiff, which may reasonably support an inference of the defendant's negligent operation of the door.

The defendant's further argument, that perhaps some child or person other than the defendant's servants might have closed the door, is a speculation for which we cannot find support in the evidence. Moreover, according to the well-established rule upon this motion for a directed verdict, we must consider all of the evidence and the reasonable inferences therefrom most favorably to the plaintiff. We are not concerned at this time with the credibility of the witnesses or the weight of the evidence. *Duffy* v. *United Electric Rys. Co.*, 56 R. I. 450, 186 A. 596; *Gallo* v. *Simpson Spring Co., supra.*

In our opinion the evidence, taken as a whole, presented an issue of a material fact for determination by the jury,

and the trial justice erred in granting the defendant's motion for a direction of a verdict in its favor in each case.

The plaintiff's first exception in each case, therefore, must be sustained and the cases are remitted to the Superior Court for new trials.

*Raymond & Semple, Harold R. Semple, Joseph L. Ahearn,* for plaintiffs.

*Sherwood & Clifford, Raymond E. Jordan,* for defendant.