ALFRED J. BULLETT *vs.* REGINALD FOSTER AND RHODE ISLAND HOSPITAL TRUST CO., *Ex.*

JUNE 25, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of the case brought to recover from the estate of Fanny Foster, deceased, compensation for services rendered by the plaintiff to the deceased in her lifetime. The case was tried before a justice of the superior court sitting with a jury and, at the conclusion of the evidence, a verdict was directed for the defendants on their motion therefor. The plaintiff excepted to this ruling of the trial justice and relies solely thereon in this court, although his bill of exceptions specifies certain other exceptions taken by him during the course of the trial. These other exceptions, not having been briefed or argued, are deemed to be waived.

The plaintiff contends that the trial justice erred in directing a verdict for the defendants, because there was evidence in the case on a reasonable view of which the jury could have found for the plaintiff. It is well settled in this state that a motion to direct a verdict should not be granted if on any reasonable view of the evidence, the adverse party could prevail, and that on the consideration of such a motion, the trial justice is not entitled to weigh the evidence or to pass upon the credibility of the witnesses. *Duffy v. United Electric Rys. Co.*, 56 R. I. 450, 186 A. 596; *Gallo v. Simpson Spring Co.*, 55 R. I. 410, 181 A. 915; *Reddington v. Getchell*, 40 R. I. 463, 101 A. 123.

It is equally well settled that in considering the evidence on such a motion all reasonable inferences which can be drawn from the evidence must be drawn by the trial justice in favor of the adverse party, and all the evidence submitted

on behalf of such party must be taken on such a motion as true. *Andrews* v. *Penna Charcoal Co.*, 55 R. I. 215, 179 A. 696; *Young* v. *Young*, 56 R. I. 401, 185 A. 901.

There is entire agreement between the parties here as to these fundamental rules but the plaintiff contends that the evidence introduced by him was not properly considered by the trial justice and that said justice weighed this evidence and undertook to pass upon the plaintiff's credibility as indicated by his remark in granting the defendants' motion as follows: "I honestly think that this bill is a plain frame-up." The plaintiff contends further that this bias against him was shown by the trial justice during the course of the trial, when said justice examined him at considerable length on the character of the services for which he was claiming compensation.

We have read the transcript and are of the opinion that, on the whole record, the trial justice, while not justified in making the statement he did, actually rested his ruling not on the ground that the plaintiff's evidence was incredible but that it did not furnish any basis for drawing the inference that the deceased expected to pay, and the plaintiff expected to receive payment for the alleged extra services rendered by the plaintiff in addition to the payments he regularly received on rendering bills for services he had performed for the deceased from time to time during the time he was in her employ.

The plaintiff was a carpenter by trade. Prior to the time he went to work for the deceased, he was mostly engaged in job-carpenter work. His work for the deceased consisted of carpentry jobs about her house and the doing of other miscellaneous odd jobs, some of which he testified that he included under the designation of carpentry work. For this work he admits that he was paid at the rate of $1.25 an hour or $10.00 for a day of eight hours work. During the period from 1930 to the date of the deceased's death in May 1934, approximately about four years, he received, in payment from the deceased for his services, about $10,000.

of which he testified that $2000 was spent for material. This left at least $8000, which he received as compensation for his labor. During this time, he admitted that he had done carpentry work for others when not at work for the deceased, and he estimated that his earnings on such other work amounted to about $800 a year.

There is no question then but that the plaintiff was fully paid for his services as a carpenter and odd-job man around the Foster home, and that in addition during this period he was able to earn a substantial sum from others each year for work outside of his regular job work for the deceased. He claims, however, that he is entitled to further compensation, at the rate of $36 a month for what he calls extra services as a caretaker, for work he performed for the deceased during this period. What these services were are not clearly and definitely set out in the plaintiff's testimony. Substantially, they seem to have been rendered on occasions of more or less frequent occurrence when he was called to the Foster home, sometimes late at night, to search for lost keys and to check up certain articles which the deceased had under lock and key and which she seemed to have feared might be stolen from the house.

The plaintiff claims that he is entitled to compensation for responding to such calls and for being on duty to respond to others, if made. He never rendered any bills for such services and he never called the attention of the deceased in any other way to the fact that such services had not been paid for or that he expected to be paid for them. He admits that he rendered bills regularly for the job work performed by him and that those bills were paid promptly when rendered. He does not explain why he did not render bills for these alleged extra services except to say that on one occasion the deceased had said to him that he would never have to worry, as she would always have him in her employ. There is nothing, however, in evidence to connect this conversation specifically with these alleged extra services and the expectation of the deceased to pay for them or

that they were not considered as part of the general odd jobs which he did for the deceased and for which he was promptly and fully paid. The only reasonable inference to be drawn from this remark is that the deceased expected to give the plaintiff steady work, and the evidence is conclusive that she did this very thing to the date of her death, and that he was paid therefor to his satisfaction. The evidence is also conclusive that the plaintiff never called to the attention of the deceased that his response to calls made upon him as above referred to were services for which he was to be paid at a different rate and in addition to the payment received for services for which he rendered bills.

A careful examination of the transcript from every angle that would reasonably tend to favor the claim of the plaintiff, fails to reveal any legal evidence upon which the jury properly could have found a verdict in his behalf. The plaintiff was more or less regularly employed by the deceased on carpentry work and on odd jobs for a long period before her death and was regularly compensated, according to his own custom of rendering bills for his work. His present claim for additional compensation for alleged extra services performed during the same period in which he was regularly employed and for which he was paid, although never having rendered a bill for such extra services to the deceased in her lifetime, is not supported by the evidence or by any inference reasonably to be drawn therefrom in his favor.

As we read the transcript, there is no evidence whatever of any expectation on the part of the deceased to pay extra compensation for such services nor is there any evidence indicating in any way that the deceased understood that the plaintiff considered the alleged extra services were wholly distinct from the work for which he regularly rendered bills, or that he expected additional compensation for such alleged extra services. Under such circumstances, it cannot be said that the plaintiff has made out a case

for the consideration of the jury, and therefore we find that there was no error in the ruling of the trial justice directing a verdict for the defendant.

The plaintiff's exceptions are overruled and the case is remitted to the superior court for entry of judgment on the verdict as directed.

*Sheffield & Harvey, William P. Sheffield, J. Russell Haire,* for plaintiff.

*Swan, Keeney & Smith, Dana M. Swan, Eugene J. Phillips,* for defendant.

