EDGAR BOUTHILLIER, JR., *p.a. vs.* UNITED ELECTRIC RAIL-
WAYS COMPANY.

JULY 14, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of trespass on the case for negligence to recover damages for personal injuries suffered by the plaintiff as a result of being hit by a bus belonging to the defendant. The case was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff. Thereupon defendant filed a motion for a new trial, which was granted by the trial justice. Nevertheless, in spite of this favorable ruling on its motion for a new trial, the defendant has duly prosecuted a

bill of exceptions to this court, based on an exception taken to a ruling of the trial justice at the trial, denying its motion for a directed verdict.

A motion for a directed verdict should not be granted if, on any reasonable view of the evidence, the adverse party could prevail. *Duffy* v. *United Electric Rys. Co.,* 56 R. I. 450, 186 A. 596. In considering such a motion, the trial justice is not permitted to weigh the evidence or to pass upon the credibility of the witnesses, and is required to view all the evidence in a light most favorable to the adverse party. *Gallo* v. *Simpson Spring Co.,* 55 R. I. 410.

We have carefully read the transcript and we are of the opinion that the trial justice did not commit error in denying defendant's motion for a directed verdict. There is a clear conflict in the testimony as to several facts, which are important in establishing the ultimate fact of negligence of the defendant. Not only does the testimony presented on behalf of the plaintiff in proof of such facts conflict with that of the defendant, but there is also a conflict between the testimony of several witnesses for the defendant as to some of those facts. In accordance with the rules above cited, the trial justice was bound to resolve this conflict in favor of the plaintiff in considering defendant's motion for a directed verdict.

On this view of all the evidence, it appears that the plaintiff, a boy of ten years, while riding a scooter bike along Potters avenue in the city of Providence, was knocked down by the front end of the defendant's bus, which was approaching the plaintiff on the same side of the avenue on which the plaintiff was riding. The accident occurred in the daytime about an hour or two after noon. The avenue was dry and free from traffic, and the operator of the bus had a clear view ahead of him for several hundred feet along the avenue. If the operator was looking, he could not have failed to see the plaintiff coming toward him, riding his scooter in the gutter near the southerly curb of the avenue, over one hundred feet away.

It would seem, however, according to the plaintiff's evidence, that the operator was talking and turning his head to the left in conversation with another bus operator of the defendant, who was acting as an instructor to the operator in charge of the bus. The plaintiff's evidence also tends to prove that the operator of the bus, as he approached close to the plaintiff, did not turn his bus to the left to give the plaintiff room to pass, but on the contrary crowded him further over toward the curb, thereby causing some part of the front of the bus to strike the handle bars of his scooter, and to throw the plaintiff off his scooter on to the pavement.

This view of how the accident occurred is contradicted by a preponderant number of eyewitnesses who testified for the defendant. Ordinarily, on such preponderant testimony as in this case, it would seem that a jury would have some difficulty in finding a verdict for the plaintiff, but in this instance, there were certain features about the testimony of some witnesses for the defendant that must have tended very seriously to impair the confidence which the jury would otherwise have placed in their testimony as to how this accident occurred. That, we believe, explains why the jury returned a verdict for the plaintiff. It was clearly within their province to act as they did, even though it appeared to the trial justice that their verdict ought to have been for the defendant.

Whatever may have been the reason for the verdict, it avails the defendant nothing, on its motion for a directed verdict, to argue on the credibility of the plaintiff or his witnesses or to call attention to what may appear to be the weight of the evidence on its side. These arguments were proper on the consideration of defendant's motion for a new trial, and doubtless they were effectively presented, as the trial justice has granted a new trial to the defendant.

On a view of all the evidence taken in a light most favorable to the plaintiff, the trial justice had no choice, it seems to us, but to deny the defendant's motion for a directed verdict, regardless of his own views on the weight of the

evidence and on the credibility of the plaintiff's chief witness, Crofton.

The defendant's exception is overruled and the case is remitted to the superior court for further proceedings.

*Fergus J. McOsker,* for plaintiff.

*Clifford Whipple, Earl A. Sweeney,* for defendant.