EDWARD NEVES *vs.* MORRIS NEMTZOW.

ANTONIO NEVES, *p. a. vs.* SAME.

APRIL 23, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. These two actions of trespass on the case for negligence, one brought by a minor by next friend, to recover from the defendant damages for personal injuries, and the other by the minor's father, to recover expenses incurred by him by reason of such injuries to the minor, were tried together in the superior court to a jury. A verdict was returned in favor of the minor for $5000 and in favor of his father for $500. After the trial justice had denied the defendant's motion for a new trial in each case, the latter duly prosecuted bills of exceptions to this court.

Evidence introduced on behalf of the plaintiffs tended to show that in the early afternoon of a day in August, 1931, the minor plaintiff, then about seven years old, left his home,

which was next to a store operated by the defendant in Newport, and proceeded along the sidewalk in front of such store carrying a basket containing milk bottles. In front of the store and extending out over the sidewalk was an awning maintained by the defendant and supported by an iron frame. It had been raining just previously and a strong wind was then blowing the awning up into the air, causing it to make a noise. When the minor plaintiff was under the awning, and directly in front of the door leading into the defendant's store, a sudden squall or gust of wind tore or ripped the awning for about three-fourths of its length, causing the frame to fall to the ground and against the back and right leg of the minor, knocking him down upon some stone steps which projected a short distance out onto the sidewalk and which were directly in front of the door of said store, thereby inflicting the injuries complained of herein.

On the other hand, the defendant's evidence tended to show that, while the awning in question was torn by the wind, the frame did not fall to the ground, but came only part way down, and that the minor plaintiff at that time was not under the awning and was not hit by it or by the frame. The defendant testified that just before the awning tore he heard the sound of breaking glass; and that when the awning did tear, the minor was standing on the sidewalk a short distance beyond the store and near the corner of a street. He was crying and on the ground in front of him were some broken milk bottles. Thereafter he walked to his father's restaurant, which was close by.

The defendant expressly waives his first, sixth, eighth and twelfth exceptions. His second, third and fourth exceptions may be considered together. Before any evidence was introduced the trial justice permitted the plaintiffs, on their motions and over defendant's objection, to amend their declarations by changing the date of the accident from August

12 to August 16, and by stating that the minor plaintiff at the time he was injured was walking instead of riding on a tricycle, as had been alleged. The defendant excepted to this ruling. It is well settled that ordinarily the trial justice, in the exercise of his sound discretion, may permit pleadings to be amended after a case has been opened to a jury. *Sweeney* v. *McKendall,* 32 R. I. 347. In the instant cases the amendments on their face did not appear to be serious or to materially affect the causes of action. Under the circumstances, we do not find that the trial justice abused his discretion in permitting the amendments to be made. For the reasons indicated defendant's second, third and fourth exceptions are overruled.

He has also briefed and argued an alleged exception to the denial by the trial justice of a motion that the cases be taken from the jury and passed on the ground that such amendments amounted to a surprise, and that the defense had been prepared on the declarations as originally drawn. However, in the defendant's bill of exceptions we find no such exception set out. There is, therefore, nothing before us to properly raise this question, or to require us to pass upon it.

The defendant's fifth exception is to certain brief remarks which the trial justice, when ruling on the questions previously discussed, made to the defendant's attorney in the jury's presence. These remarks included a reference to "foolish technicalities". The attorney was acting within his rights, and the statement of the trial justice was clearly uncalled for. Upon consideration, however, we do not find that the making of such remarks prejudiced the defendant and constituted reversible error. This exception is also overruled.

Defendant's seventh exception is to the refusal of the trial justice to direct a verdict in his favor in each case. We

find no error in this ruling. It was admitted that the defendant operated the store and maintained the awning in question. Evidence submitted on behalf of the plaintiffs tended to show that such awning and the iron frame upon which it rested came down and struck the minor plaintiff; that the frame was rusty in places; that the awning was old, ragged and not in good shape, and that the ropes were not in condition to hold it in place. The defendant introduced evidence to the contrary. However, it is well established that a motion to direct a verdict in favor of a party should not be granted if, on any reasonable view of the evidence, the adverse party could prevail, and that, in considering such a motion, the trial justice is not entitled to weigh the evidence or to pass upon the credibility of the witnesses. *Bullett* v. *Foster,* 58 R. I. 367. On the pleadings and on the evidence the questions of the defendant's negligence and of the minor plaintiff's contributory negligence were properly left to the jury. The seventh exception is, therefore, overruled.

The defendant has several exceptions to the refusal of the trial justice to charge the jury in accordance with certain requests submitted by the former. The ninth and thirteenth exceptions relate to the third request, which contained a definition of an "Act of God" and a statement that no recovery could be had for an injury caused by such an act. The ruling of the trial justice in denying this request was correct. There was no evidence in the cases upon which to base such a request to charge. The defendant introduced evidence showing weather conditions on the afternoons of both August 12 and 16, but at neither of these times was there any occurrence which at all approximated an Act of God. The evidence merely tended to show that in the latter part of the afternoon of August 12 the wind at one time reached a force of about twenty-eight miles an hour.

The tenth and fourteenth exceptions are to the failure of the trial justice to charge the jury in accordance with the defendant's fourth request, which was as follows: "If the jury finds that the direct and proximate cause of the fall of the awning was a sudden and severe windstorm or squall, then the defendant is not liable." In our opinion, this request was couched in language which was too broad and it was, therefore, properly refused by the trial justice. In effect it invaded the province of the jury, and also apparently assumed that the windstorm amounted to an Act of God, which was contrary to the evidence. However, if the wind was of less force than an Act of God, as was the case, then the requested charge improperly omitted the element of the defendant's duty to use reasonable care under the circumstances.

The eleventh exception is to the refusal by the trial justice to grant the defendant's ninth request to charge, which applied only to the father's case. This request was as follows: "If the jury finds for the plaintiff on the question of liability then the plaintiff is entitled to be compensated only for money expended or expenses incurred by him for doctors' services and medicines." In our judgment it was not error to refuse to grant this request. In the instant cases medical evidence was introduced for the plaintiffs tending to show, in substance, that there was a probability that the minor's injured leg would have to be treated or opened, in the future, so as to drain pus from the seat of a chronic inflammation. Upon this, and other pertinent evidence in the case, the jury would be justified in allowing the father something for probable future medical expenses. For the reasons above set out, exceptions 9, 10, 11, 13 and 14 are overruled.

The defendant has argued exceptions to the refusal of the trial justice to grant the former's seventh and eighth requests to charge. However, we find no such exceptions in

the defendant's bill of exceptions and there is, therefore, nothing before us in that connection.

The denial by the trial justice of the defendant's motion for a new trial in each case is the basis of his remaining exceptions. These motions contained the usual grounds. The material facts in evidence relating to the happening of the alleged accident have already been set out in substance. The plaintiff's version of the occurrence was, in the main, substantiated by the testimony of two apparently disinterested witnesses, who were, at the time in question, on the other side of the street and opposite the defendant's store.

On the conflicting evidence, questions of fact were presented to the jury for their determination. They decided these questions in favor of the plaintiffs, and their verdicts have been sustained by the trial justice. He and the jury, in weighing the evidence and in passing upon the credibility of the witnesses, had the benefit of seeing and hearing them testify, a privilege we do not have. Upon a consideration of all the evidence, we cannot say that the trial justice, in denying the motions for new trials, was clearly wrong, in so far as the question of the defendant's liability was concerned, or that he misconceived or overlooked any of the material evidence. Therefore, under our well-settled rule, his decision will not be disturbed by us as to that question. In both cases, therefore, the defendant's exceptions to the ruling of the trial justice in that respect are overruled.

The defendant, in addition, contends that the verdicts in both cases are clearly excessive. From the evidence it appeared that, as a result of the accident, the minor received a severe blow on his right leg, causing an acute inflammation of the bone and marrow. He was sent to a hospital a few days after being hurt, and remained there and at a camp for crippled children approximately two years. During this period his leg was cut three times to remove pus. The scars

of these operations apparently do not completely heal but may have a discharge. The injury suffered by the minor was of a permanent nature. In referring to the right leg a doctor testified for the plaintiffs as follows: "The bone is twice as large around as it was normally and a half inch longer than the other leg." As a result, the minor walks with a limp. There was also evidence that for several months following the accident the pain and suffering from the injury was very severe.

No physician testified for the defendant. In support of his motion for a new trial on the ground that the damages awarded the minor were excessive, the defendant relied largely on the affidavits of two boys and a young playground supervisor. These affidavits were filed in January 1937, prior to the hearing by the trial justice of the defendant's motions for new trials, and in general stated that the affiants had seen the minor plaintiff playing basketball and football, apparently without difficulty or complaint, during the fall of 1936 at a recreation center in Newport.

These affidavits, however, do not bear upon the principal features of the minor's injuries. The affidavits merely relate to, but do not contradict, the following opinion testimony given by a doctor who had attended the minor: "Q. What would you say, Doctor, as to the possibility of this boy being able to participate in sports or perform heavy work in the future? A. He might attempt it but I think any competent physician would advise him not to do it because there is danger of fracture of the diseased bone, and the bone is diseased and weak. Any heavy work or strenuous football or basketball might break the bone."

In view of the uncontradicted evidence relating to the minor's pain and suffering, the length of time he was confined, the treatments he had to undergo, the permanent aspects of his injury, and his age, we cannot say that the damages awarded him are clearly excessive, or that the trial justice erred in refusing to grant the defendant a new

trial on that ground. In the minor's case, therefore, the defendant's exception to the denial of his motion for a new trial, as based on the above-mentioned ground, is over-ruled.

In the father's case the evidence showed that his only medical expense up to the time of trial had been $50.60. The cost of the minor's hospitalization had apparently been otherwise provided for. As we have hereinbefore indicated, there was evidence that, in all probability, some future medical attention would have to be given to the minor's injured leg before he reached his majority. However, in our judgment, on the evidence herein, the sum of $500, which the jury awarded the father, is grossly excessive, and we find that the trial justice committed error in upholding the verdict for that amount when passing upon the defendant's motion for a new trial. The defendant's exception to the ruling of the trial justice in that connection is, therefore, sustained. In our opinion, considering all the facts and circumstances appearing in evidence, the sum of $200 would more nearly do substantial justice between the parties in the father's case than the sum awarded by the jury and approved by the trial justice.

In the minor's case, Ex. &c. No. 8147, all of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the verdict.

The father's case, Ex. &c. No. 8146, is remitted to the superior court for a new trial, unless the plaintiff, on or before May 6, 1940, shall file, in the office of the clerk of the superior court, a remittitur of all of his verdict in excess of $200. If the plaintiff files such remittitur, the superior court is directed to enter judgment on the verdict as reduced by the remittitur.

*Sheffield & Harvey, W. Ward Harvey,* for plaintiffs.

*Dannin & Dannin, Patrick H. Quinn,* for defendant.