HUGH McGUCKIAN *vs.* ARTHUR H. CARPENTER, p. a.
ARTHUR H. CARPENTER *vs.* HUGH McGUCKIAN.

JUNE 24, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Infants. Necessaries. Executed Contract. Return of Consideration.*

Where an executed contract is not one for his necessaries, an infant should be permitted to disaffirm it, and recover the consideration moving from him, and should be required on his part to return the consideration that remains in his hands, but if he has dissipated it or lost it or for any reason he is unable to restore it he none the less should be permitted to disaffirm the contract and recover back the consideration moving from him.

ASSUMPSIT. Heard on exceptions of McGuckian in both cases and all exceptions overruled.

SWEETLAND, C. J. The first of the above entitled cases is an action in assumpsit to recover the amount due upon certain promissory notes given by the defendant, a minor, to the plaintiff in part payment upon the sale by the plaintiff to the defendant of a horse, wagon and harness. The second of the above entitled cases is an action in assumpsit to recover the sum paid in cash by the infant plaintiff in part payment for said horse, wagon and harness.

The cases were tried together before a justice of the Superior Court, sitting with a jury, and resulted in each case in a verdict for said minor, Arthur H. Carpenter. Hugh McGuckian filed his motion for a new trial in each case and each motion was denied by said justice. Each case is before us upon the exception of McGuckian to the decision of the justice denying the motion for new trial and also upon certain exceptions taken by said McGuckian to rulings of said justice made in the course of the trial.

At the trial McGuckian did not question the infancy of Carpenter at the time of the sale of said horse, wagon and harness, but claimed that in the circumstances of the case said chattels were necessaries for said infant.

It appeared in evidence that Carpenter at the time of the purchase by him of the horse, wagon and harness was 18 years of age, married, with one child, that he

maintained a home and was dependent upon his weekly wages for the support of himself and family; that he used said chattels for the sole purpose of pleasure driving. The question of whether said chattels were necessaries in the plaintiff's condition and station in life was submitted by said justice to the jury with instruction that if they found that said chattels were not necessaries they should find their verdict in favor of said infant in the action against him, upon the promissory notes given by him in part payment for said chattels. The jury's verdict for the defendant in that case indicates that they found that said horse, wagon and harness were not necessaries in the circumstances of the defendant's life. The verdict has been approved by said justice and we find no ground for disturbing his decision in that regard. The purchase was manifestly an unwise and indiscreet transaction on the part of the defendant quite in accord with the thoughtlessness and improvidence ascribed to youth.

At the time of the avoidance of the contract of sale by the minor and the commencement of the action to recover the amount of cash given by him in part payment, he did not return said chattels nor any part of them to McGuckian, nor has he done so subsequently. Prior to said disaffirmance Carpenter had sold the wagon and harness, and the horse had become so emaciated and disabled either by disease or neglect that in the judgment of the agent of the Society for the Prevention to Cruelty to Animals it ought to be shot. From the evidence it is not entirely clear what has become of the horse but it is manifest that it had become worthless and had passed out of the possession of Carpenter before the commencement of these actions. In the suit against McGuckian to recover the cash paid on the purchase price the defendant takes the position that as Carpenter has not returned the property he ought not to be permitted to disaffirm the sale and obtain a return of the money paid. This claim was the basis of a motion, made at the close of the evidence in the case against McGuckian, that said justice should direct a verdict for the defendant. That

motion was denied by said justice and the defendant excepted. He also excepted to that portion of the charge of said justice in which he instructed the jury "that if Carpenter had disposed of the chattels which came to him or if they were not in his possession or control it would not be necessary for him to restore them to McGuckian before he (1) could maintain the action." In support of these exceptions before us counsel for McGuckian has called to our attention the opinion of courts in some jurisdictions that in all cases an infant on his avoidance of an executed contract, must. return the property or consideration received before he can maintain his action for the money or property which he gave in the transaction, and if he has disposed of the money or goods or has so misused them that he cannot restore them then he cannot be permitted to disaffirm his contract. These cases are based on the consideration that minors should not be permitted to use the shield of infancy as a cover for dishonesty and the doing of injury to others dealing with them in good faith. We do not find that this court has passed upon the exact question involved in this exception. We are of the opinion that when an executed contract is not one for his necessaries an infant should be permitted to disaffirm it and recover the consideration moving from him, and should be required on his part to return the consideration that remains in his hands; but if he has dissipated the consideration or lost it or for any reason he is unable to restore it to the other party he none the less should be permitted to disaffirm the contract and recover back the consideration moving from him. The law gives to a minor the right to disaffirm his contracts on the ground of the disability of infancy. This has been provided as a protection to him from the consequences of his own improvidence and folly. It is the same lack of foresight that in most instances leads to his dissipation of the proceeds of his voidable contracts. To say that he shall not have the protection by disaffirmance, with which the policy of the law seeks to guard him, unless he has had sufficient prudence to retain the consideration of the contract he wishes to

avoid, would in many instances deprive him, because of his indiscretion, of the very defense which the law intended that he should have against the results of his indiscretion.

A determination made in accordance with either view as to an infant's right of disaffirmance, when he is unable to return the consideration of the contract, will in many cases result in considerable hardship to one party or the other. Not infrequently, even in cases where the infant still has the consideration and returns it to the other party to the contract, such other party is far from being placed in *statu quo.* It has been said that the right of an infant to avoid his contract is absolute and paramount to all equities.

The view which we have taken appears to us to have the support of the weight of authority. In the early case of *Bartlett* v. *Cowles*, 15 Gray 445, the court appears to have taken the contrary view and to have held that an infant might avoid his contract only by restoring the consideration. In the later case of *Bartlett* v. *Drake*, 100 Mass. 174, the doctrine of *Bartlett* v. *Cowles*, *supra*, was expressly repudiated, and in *Chandler* v. *Simmons*, 97 Mass. 508 it was held that an infant's deed may be avoided "without the previous return, or the offer to return, the consideration paid therefor." The rule in *Chandler* v. *Simmons* has been followed in the later Massachusetts cases. *Pyne* v. *Wood*, 145 Mass. 558; *McCarthy* v. *Henderson*, 138 Mass. 310; *Morse* v. *Ely*, 154 Mass. 458; *White* v. *New Bedford, &c.,* 178 Mass. 20. See also *MacGreal* v. *Taylor*, 167 U. S. 688; *Leacox* v. *Griffith*, 76 Ia. 89; *Price* v. *Furman*, 27 Vt. 268.

We find no error in the refusal to direct a verdict in accordance with the motion of McGuckian, nor in that portion of the charge to which exception was taken.

All of the exceptions of McGuckian in each case are overruled. Each case is remitted to the Superior Court for the entry of judgment on the verdict.

*Joseph H. Coen*, for Hugh McGuckian.

*McGovern & Slattery*, for Arthur H. Carpenter.