SAMUEL I. JACOBS *vs.* UNITED ELECTRIC RAILWAYS CO.

JULY 10, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEENEY, J. This is an action brought by an attorney-at-law under authority of Chapter 1515, Public Laws 1917, now Section (4377), General Laws 1923, known as the Attorney's Lien Law. The case is brought to this court by plaintiff's exception to the direction of a verdict for the defendant.

November 18, 1921, the plaintiff sent two letters to the defendant notifying it that Mrs. Mary G. Coreira had placed a claim with him against it for personal injuries to her husband caused by the negligence of its servants in operating a surface car and resulting in his death, and that all further negotiations should be taken up with him personally. The claim agent of the defendant testified that after the receipt of one of these letters, November 21, he called at the office of the plaintiff, but was unable to meet him on account of his absence, and the following day sent a letter to him stating that he was informed upon ample authority that Mrs. Coreira had not retained him to prosecute her claim.

November 24, 1921, the plaintiff replied by letter reiterating his claim of authority to act in the matter and said

that a disregard of his interest in the case would make defendant liable under the Attorney's Lien Law. The plaintiff testified that soon after this he went to the office of the claim agent and was told by him that Mrs. Coreira had repudiated his acting as her counsel, and that after further conversation the claim agent told him that he would not settle the case without his being present. He also testified that about four weeks afterwards he heard that the claim had been settled, and upon going to the office of the clerk of the Superior Court he found that a case had been brought by another attorney for Mrs. Coreira against the defendant; that it had been settled; that he then telephoned to the claim agent and asked him if the case had been settled and he said, "Yes;" that he said, "Didn't you tell me you wouldn't settle this case in my absence?" and he replied that he felt it advisable to dispose of the case and did not see any good reason why he shouldn't go through with it.

The papers in the case show that the action was brought by another attorney by writ dated December 7, 1921, by Mary G. Coreira who sued by her mother and next friend A. C. Fratus. Service of the writ was accepted by the defendant's attorney. The writ, declaration and plea were filed December 20, with an agreement waiving jury trial. The case was heard at once by a justice of the Superior Court who ordered judgment entered for the plaintiff for $3,000, and execution issued forthwith, in accordance with the agreement.

The plaintiff also testified that he met Mrs. Coreira and her mother, Mrs. Fratus, November 18, 1921, and that Mrs. Coreira engaged him to be her attorney, and agreed to allow him one-third of the amount recovered, and to pay the costs of suit; that he investigated the case and interviewed witnesses; and that she never discharged him from the case. Four other witnesses testified to the effect that Mrs. Coreira referred to the plaintiff as her attorney.

The defendant's claim agent testified that the case was settled through an adjuster from his office, after the de-

fendant had notice that the plaintiff claimed to be attorney for Mrs. Coreira; that the plaintiff came to his office and had a conversation with him about the case but he denied that he told the plaintiff that he would not settle the case without his being present. He testified that he did not believe the plaintiff's statement that he had been retained as attorney by Mrs. Coreira against her statement, and that of her mother, that he had not been retained.

Mrs. Coreira testified for the defendant and denied that she had retained the plaintiff as her attorney, although she admitted that she was in his office the time he stated. Her mother testified to the same effect.

It appears in evidence that Mrs. Coreira was eighteen years old at the time the plaintiff claims that he made the contract with her.

At the conclusion of the testimony the defendant's attorney made a motion for the direction of a verdict on several grounds and the trial justice directed a verdict on the ground that the contract the plaintiff made with Mrs. Coreira, if any, was voidable by her because she was a minor at the time and that she had revoked and voided any contract she had made with him. Several exceptions are stated by the plaintiff but it is only necessary to consider the one to the direction of a verdict.

The action is authorized by said Attorney's Lien Law. The declaration alleged all of the facts necessary to enable the plaintiff to maintain the action, and the allegations were supported by proof. The effect of this statute has been considered in the case of *Cawley* v. *Burke*, 43 R. I. 189, wherein the court said: "Under the provision of this statute the plaintiff after said notice to the defendant Burke had a lien in said cause of action to the value of his contractual interest therein, and no settlement made between Baxter and Burke could invalidate it." . . . "The statute in question is remedial in character; it should be liberally construed to promote the object for which it was enacted.'

The statute gives the attorney a lien to the value of his contractual interest in the cause of action. The plaintiff's testimony is that under his express contract with Mrs. Coreira he was to receive one-third of the amount recovered. According to plaintiff's testimony the contract was a valid enforcible one.

On a motion to direct a verdict for the defendant all reasonable inferences that can be drawn from the testimony must be drawn in favor of the plaintiff. Therefore, assuming from the testimony that there was an express contract as the plaintiff claims, and it being admitted that the defendant had notice of the contract before it settled with Mrs. Coreira, the plaintiff was entitled to a lien for the contractual value of his contract with her. The question whether the plaintiff had a contract with Mrs. Coreira was for the jury to decide on the conflicting testimony and not for the trial justice.

It is an elementary rule that infants are incapable of making contracts except for necessaries. Such contracts are voidable but not void. *O'Rourke* v. *John Hancock Mut. Life Ins. Co.*, 23 R. I. 457, 462; *McGuckian* v. *Carpenter*, 43 R. I. 94; *Quinley* v. *Desautels*, 45 R. I. 106.

Mrs. Coreira being a minor could repudiate her contract with the plaintiff, if she made one with him, and settle her case direct with the defendant. The value of plaintiff's contract with the minor was not the amount of money the minor agreed to pay him for the services to be performed but would be whatever amount the jury should find under the testimony was a reasonable allowance for the service performed. It would also be a question for the jury whether it was necessary for Mrs. Coriera to have an attorney.

The questions whether or not the plaintiff had an express contract with Mrs. Coreira, and if so, whether his services were necessary; whether she afterwards repudiated her contract with him, and the value of any service performed by him before such repudiation were questions which should

have been submitted to the jury for their determination upon the testimony in the case.

The plaintiff's exception to the direction of a verdict for the defendant is sustained and the case is remitted to the Superior Court for new trial.

*Knauer, Hurley & Fowler*, for plaintiff.
*Clifford Whipple, Earl A. Sweeney*, for defendant.