MARGARET KEENAN *vs.* JOHN HANCOCK MUT. LIFE INS. CO. OF BOSTON, MASS.

JUNE 7, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

STEARNS, C. J. This is an action on a policy of life insurance for $1,000 upon the life of plaintiff's infant sister, brought by plaintiff, the beneficiary.

Sadie Keenan, the insured, eighteen years of age, came from Ireland in February, 1926. She lived in Pawtucket with her parents and worked regularly in a factory. On July 4, 1926, she went in bathing and as a result caught cold. She continued to work until July 15 and although her condition was as she thought improved, on the advice of her sister she consulted a doctor in his office on the night of July 15. He prescribed a tonic for her and told her to come to see him again in two weeks. An agent of the defendant company, who for several weeks had been trying to insure all of the members of the Keenan family, on July 27 succeeded in insuring Sadie Keenan.

The policy, for which application was made by Sadie Keenan, was what is called a "non-medical" policy which was issued without any examination of the insured by a physician. By the terms of the policy the application was made a part of the policy and, as stated in the policy, the contract of insurance was based upon the declarations in the application which were, in the absence of fraud, to be treated as representations and not as warranties.

Among the statements made by the insured in the application were the following questions and answers: Question "3. Are you now in good health?" Answer, "Yes." Question "4. Have you ever had or been treated for any of the following? Answer yes or no to each. If yes give full particulars in space below." (Under this question was a list of twenty-eight ailments including "Chronic Cough," and "Consumption.") For each ailment under this question the insured answered "No." Question "13. Have you within the past five years had medical advice for any disease or disorder not included above? Give full particulars." Answer: "No."

This application, with the premium which was paid by Sadie Keenan, was forwarded to the office of the defendant company in Boston, Mass., where the application was approved July 30. The policy, bearing date July 27, 1926, was issued July 30, and sent to the agent of the defendant

company in Pawtucket, where it was delivered by the agent to Sadie Keenan. On July 30, Sadie Keenan again went to the doctor. He testifies that he then felt sure that she had acute pulmonary consumption. Acting on his advice, she went in August to a sanatarium, where she died of consumption January 29, 1927.

The case was tried to a jury and resulted in a verdict for the plaintiff for the amount of the policy with interest. The case is now in this court on defendant's bill of exceptions.

There are numerous exceptions in defendant's bill but it is unnecessary to consider them in detail. Defendant in its brief states that at the trial the physical condition of Sadie Keenan was the only issue involved, that the testimony was that she was not in good health on July 27, 1926, that she then had consumption and knew she was seriously ill.

The following facts are established by the evidence. Sadie Keenan did have consumption on July 27, 1926, but she did not know it and was not informed of that fact by the doctor; she supposed she was suffering from a cold and her failure to state in her application that she had consulted a doctor was not because of any fraudulent intent but from ignorance of the relevancy of such a statement.

The question is, did this misrepresentation avoid the policy? By its terms the policy was to be effective on the date of the application, if approved at the home office. The application provided, "B. That if payment of the premium has been made with this application, the insurance (subject to the terms and conditions of any policy issued hereunder) shall be in force from the date of the completion of Part B of this application" . . . "and that whether the premium is paid with the application or otherwise, delivery and payment shall constitute an acceptance of the policy and of all its conditions." The premium was paid and the policy was delivered and accepted in this State. It was a Rhode Island contract and hence is to be construed

by the laws of this State. Joyce on Insurance (2nd ed.) ¶230; *Equitable Life Ins. Society* v. *Clements,* 140 U. S. 226; *Millard Adm'r* v. *Brayton, Ex'x.,* 177 Mass. 533; *Howes* v. *Fisk,* 67 N. H. 289. *O'Rourke* v. *John Hancock Mut. Life Ins. Co.,* 23 R. I. 457, decided in 1902, was an action in assumpsit by the beneficiary on a policy of life insurance upon the life of her son, a boy fifteen years old when the policy was issued. The defence was that the boy made false answers to questions in the application, one of which was that he had never suffered from rheumatism. A verdict for plaintiff was sustained by this court. It was held that an infant is not bound by his warranties in an application for life insurance, and the company can not set up the falsity of such warranties as a defence to a suit on the policy by the beneficiary; that as the warranties are not binding upon the minor they are in legal effect then not a part of the contract and the beneficiary in the absence of fraudulent conduct on her part is not estopped by them. The defendant seeks to avoid the decisive effect of the *O'Rourke* case by certain dicta in the case of *Mohr* v. *The Prudential Ins. Co. of America,* 32 R. I. 177. The latter case, however, was not decided on the question now in issue, and no reference was made therein to the *O'Rourke* case which has not been overruled either expressly or by implication. The *O'Rourke* case has since been cited and approved in *Monast* v. *Manhattan Life Ins. Co.,* 32 R. I. 557; *Salvate* v. *Firemen's Ins. Co.,* 42 R. I. 433, and *Jacobs* v. *United Electric Railways Co.,* 46 R. I. 230. In *McGuckian* v. *Carpenter,* 43 R. I. 94, it was held that when an executed contract is not one for his necessaries, an infant should be permitted to disaffirm it, and recover the consideration moving from him, and should be required only to return the consideration, if any, that remains in his hands; if he has dissipated the consideration or lost it or for any reason he is unable to restore it to the other party, he should be permitted to disaffirm the contract and recover back the consideration moving from him. As thus appears,

this court has consistently refused to lessen the protection given to infants in the matter of their contracts.

The defendant voluntarily entered into a contract with one whom it knew to be an infant and presumably acted with knowledge of the law of this State. It assumed the risk incident to such a contract and can not now escape the liability.

The exceptions of the defendant taken to the charge given to the jury are thus summarized by the defendant: the justice instructed the jury that the question of fraud was the main issue in the case and the only ground of defence that the defendant had, and, unless plaintiff's insured had been guilty of fraud, plaintiff was entitled to recover. Defendant can not properly complain of this charge which was certainly as favorable to defendant as it was entitled to have. By their verdict the jury properly found that the insured was not guilty of fraud. As any misrepresentation by the insured did not avoid the policy, the verdict is not contrary to the law or the evidence.

Exceptions were taken to special findings of the jury (1) that Sadie Keenan was in good health on July 27, 1926, (2) that she did not consult a physician for medical advice for any disease or disorder within five years prior to July 15, 1926, and (3) that she did not have consumption on July 27, 1926. Assuming all of these special findings to be unsupported by the weight of the evidence, as we think they are, they are nevertheless unimportant and do not for the reason already stated invalidate the general verdict for the plaintiff.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Hogan & Hogan,* for plaintiff.

*George Hurley, Walter V. Moriarty,* for defendant.