KATHERINE MAJAIKA, PLAINTIFF-APPELLANT, v. ROBERT H. JAMISON, DEFENDANT-RESPONDENT.

Argued May 8, 1935—Decided August 7, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *Meyer A. Reubin* (*Morris Spritzer,* of counsel).

For the respondent, no appearance.

The opinion of the court was delivered by

TRENCHARD, J.   This is plaintiff's appeal from a judgment of no cause of action rendered by the District Court judge, sitting without a jury.

The suit was on two promissory notes made by the defendant May 29th, 1931, given for cash loans by plaintiff to defendant on that date.

At the trial the plaintiff proved the notes and that they were unpaid, and then rested.

The defendant then proved that he was born on August 10th, 1912, and was nineteen years of age when he made the notes. On cross-examination he admitted that he had made no payment thereon and had never said, either before or after attaining full age, that he would or would not pay the notes. The defendant then rested. The plaintiff then moved for a directed verdict which the judge denied, and entered judgment of no cause of action.

Now an examination of the specifications of error discloses that the only one properly assigned was as to the refusal to direct a verdict for the plaintiff. The other specifications, namely, (a) that the court refused to permit the introduction of a certain character of evidence, and (b) that the court erred in that it should have rendered judgment for the plaintiff instead of for the defendant, are not sufficient and will not be considered. *Miller* v. *Newark Hardware Co.,* 112 *N. J. L.* 300; *Cohn* v. *Passaic National Bank and Trust Co.,* 109 *Id.* 449; *Caspert* v. *Empire Furniture Co.,* 114 *Id.* 546.

We turn then to the refusal to direct a verdict for the plaintiff. We think the motion was properly denied. It was based upon the sole ground "that the notes of the defendant had become binding upon him through his failure to disaffirm the same within a reasonable time after reaching his majority, his silence and failure to disaffirm being construed to work as a ratification."

The promissory notes in question were given during the defendant's infancy, for borrowed money, and there was no proof—not even a suggestion—that the money was used for necessaries. They were therefore voidable. *Peacock* v. *Binder,* 57 *N. J. L.* 374; *Fenton* v. *White,* 4 *Id.* 100; *Houston* v. *Cooper,* 3 *Id.* 866. While such notes are capable of being ratified by the infant after he attained full age, the mere fact that he remained silent and failed to disaffirm the contract after reaching majority is no ground for directing a verdict against him in an action subsequently brought by the payee of the notes. *Peacock* v. *Binder, supra.* See, also, 31 *C. J.* 1064, and cases cited.

The judgment will be affirmed, with costs.