HARTFORD ACCIDENT AND INDEMNITY COMPANY, A COR-
PORATION OF CONNECTICUT, AUTHORIZED TO DO
BUSINESS IN NEW JERSEY, PLAINTIFF-APPELLEE,
v. JOSEPH F. JASOVSKY, DOING BUSINESS AS SOUTH
HUDSON TRUCKING COMPANY, DEFENDANT-APPEL-
LANT.

Submitted October 15, 1936—Decided October 23, 1936.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendant-appellant, *Stephen P. Piga.*

For the plaintiff-appellee, *David M. Kirsch.*

BODINE, J.   Plaintiff had judgment for the earned pre-
miums due, less the amount above the jurisdiction of the court,
which was waived, on a policy it had written insuring the
defendant's automobile.   The case was tried without a jury.

The proofs indicate that the defendant had ordered the
policy in question from one of the plaintiff's agents.   The
policy was written and delivered but the amount due was not
paid.   The defendant's attorney specifies the following as to
the determinations with respect to which he was dissatisfied:

"1. The District Court erred in entering judgment in favor
of the plaintiff and against the defendant.   2. The District
Court erred in rejecting defendant's offered evidence."   These
specifications are not sufficient and will not be considered.
*Majaika* v. *Jamison,* 115 *N. J. L.* 358; 180 *Atl. Rep.* 402.

It might be noted, however, that we have read the appel-
lant's brief, and if we could consider the same we should
determine that the points argued also were without merit.
Since the judgment cannot be reversed on any ground speci-

fied, since the grounds fall short of the standard set by the decisions of our court and fail to point out the judicial action sought to be reviewed in the specific and concise manner required, the judgment under review must be affirmed, with costs.