CARMELLA BACCARI *vs.* W. T. GRANT COMPANY.

JANUARY 9, 1948.

PRESENT: Flynn, C. J., Capotosto and Condon, JJ.

CAPOTOSTO, J.   This is an original petition for compensation under the workmen's compensation act, general laws

1938, chapter 300. From an adverse decision by the director of labor, the petitioner appealed to the superior court, where, after a hearing *de novo*, a decree was entered denying her relief. The case is before us on her appeal from that decree.

The petitioner, who was the mother of three small children, the youngest only a few months old, began working for the respondent at about 10 a.m. on December 7, 1946, as a saleslady selling Christmas cards. In accordance with the company's custom she left her pocketbook with a Miss Rooney on the street floor of the store. The employees' coatroom and the timecard machine were located in the basement, which was connected with the street floor level by a stairway that was used by both customers and employees.

At 2 p.m. on that same day, when petitioner started to go home for lunch, she went to the basement and got her coat, but did not then punch the timecard because she "was excited to get the pocketbook." She therefore went upstairs and got her pocketbook, after which, while returning to punch the timecard, she fell down six or seven steps. There is no explanation as to what caused her to fall. She was helped to her feet by an unidentified customer and then proceeded unassisted to punch the timecard. Thereafter she went upstairs to the street level and left for home without notifying Miss Rooney or any other store authority of the accident because she "didn't feel the pain then."

Petitioner further testified that as a result of the fall she hurt her lower back and hip, which injuries started to give her considerable pain by the time she arrived home. Feeling that she was unable to work in that condition, she then notified the respondent of the accident by telephone, and shortly thereafter went to the office of Dr. Americo Del Selva for treatment. Before going to the doctor the petitioner examined her back through a mirror and saw that it was "as though it was scratched and peeling" and that she had "some bruises" on her back. She further

testified that from the day of the accident to the time of the hearing in the superior court, May 28, 1947, she was totally incapacitated to do any work, although she admitted taking care of her children, doing light housework, and shopping.

Doctor Del Selva, who had his office notes with him, testified that, unless he made a mistake in the date, the petitioner came to him on December 5, 1946 and, complaining of pain in the lower back, she ascribed such condition to a fall on the stairway of respondent's store while she was there employed. Objectively, his examination was negative. With reference to the bruises that petitioner testified she had seen on her back just before she went to the doctor, he testified as follows in direct examination: "Q. And did you find some bruises on her body? A. No, there weren't any." The only treatment given was the application twice a week of infrared rays on the muscles of her back. The doctor further testified that at the time of the hearing in the superior court the petitioner was able to do light work; that he considered selling cards work of that nature, although it might be tiring to her back; and that she should be able to do her work in a normal manner in about one month.

On the above testimony, which was the only evidence in the case, the trial justice decided, as appears from finding numbered 7 in the decree, that "admitting that an accident occurred, the petitioner suffered no incapacity for work as a result thereof." The petitioner contends that this finding is not supported by any legal evidence, arguing in substance that, in the absence of any evidence for the respondent and since petitioner's testimony as to her incapacity was not contrary to physical facts or inherently improbable, the trial justice was not warranted in making that finding. In the circumstances of this case we cannot agree with this contention. See *Somerset Realty Co.* v. *Shapiro,* 51 R. I. 417, 420.

██ Petitioner apparently proceeds on the erroneous theory that the respondent was bound to introduce evidence tending to disprove her testimony; otherwise, it must be taken as true. This is contrary to our well-established practice which is ˙evidenced by many cases, the most recent being *Pearl* v. *Builders Iron Foundry,* 73 R. I. 304. We have repeatedly held that the petitioner has the burden of proving his case by credible evidence of probative force. Whether in any given case the respondent shall or shall not introduce evidence in his own behalf is optional with him. Questions respecting the credibility of witnesses or the weight of legal evidence are questions of fact and not of law. *Enos* v. *Industrial Trust Co.,* 62 R. I. 263. Furthermore, the conclusion of a trial justice by way of reasonable inference from legal evidence is a finding of fact. *Parmentier* v. *Moore Fabric Co.,* 71 R. I. 369. By our workmen's compensation act power to determine questions of fact is placed solely in the superior court, and, in the absence of fraud, findings of fact by the trial justice if supported by legal evidence are conclusive upon us. *Rachiele* v. *Fuller Co.,* 71 R. I. 446.

██ The instant case presented two questions for determination by the trial justice: first, whether there was an accident; and, secondly, if such were the case, whether the petitioner was incapacitated as a result thereof. On the first question the trial justice did not expressly find that there had been an accident; but, apparently giving the petitioner the benefit of any doubt, he assumed that there was an accident, as we infer from his opening phrase in finding 7. Based upon such a view as to the happening of the accident, he then proceeded to determine the question of petitioner's incapacity and, on the conflicting evidence as to her objective physical condition very shortly after the accident and in all the other circumstances in evidence from which different conclusions might be drawn by reasonable inference, he found as a fact that the petitioner had suffered no resulting incapacity. The credibility

of the petitioner in particular was of controlling importance in determining that question. The trial justice, who had the advantage of hearing and seeing her while testifying, apparently did not believe her. In such circumstances and from our reading of the transcript we are unable to say that finding numbered 7 in the decree was not supported by legal evidence.

The appeal of the petitioner is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*John Quattrocchi, Jr.,* for petitioner.

*Sisson, Fletcher, Worrell & Hodge, Lee A. Worrell,* for respondent.