GEORGE AMADO, *p.a. vs.* KEN-MAC MOTORS, INC.

DECEMBER 20, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is an action of assumpsit brought by a minor, through his next friend, to recover certain sums which the minor plaintiff paid to the defendant, a dealer in used cars, as the purchase price of such a car. The case was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff in the sum of $415.95. The defendant's motion for a new trial was heard and denied. The only exceptions pressed by the defendant in this court are to the denial of that motion and to the refusal of the trial justice to direct a verdict in its favor. All other exceptions have been expressly waived.

A summary of the evidence, as we understand it, is sufficient for our purposes. In October 1951, according to plaintiff and his witnesses, defendant, well knowing that plaintiff was a minor, sold him a 1941 Oldsmobile sedan for $350 cash, the bill of sale being made out in the name of his brother Michael so that the sale would appear to have been made to an adult. When the Oldsmobile proved to be seriously defective mechanically, plaintiff returned it to defendant in December and, after some discussion, the latter consented to take the car back and to allow plaintiff substan-

tially what he had paid for it if he was willing to purchase another car. The plaintiff then and there selected a 1947 Plymouth sedan which defendant agreed to sell him under a conditional sales agreement if he, being a minor, "could get somebody else to sign" for him. Shortly thereafter plaintiff returned with his brother Michael who signed the necessary papers as suggested by defendant, whereupon plaintiff paid certain incidental charges, took possession of the Plymouth and drove it away.

The evidence for defendant in substance was that, upon learning plaintiff was a minor, he was told that no car would be sold to him because of his age; that his reply was: "Well, my brother Michael is buying the car"; and that the sale of the Plymouth under the conditional agreement, which after crediting the cash value of the Oldsmobile called for payment of the balance at the rate of $51.05 a month, was made to the adult Michael and not to the minor plaintiff.

It further appears that the Plymouth agreement was discounted with the Associates Discount Corporation of South Bend, Indiana. Shortly after making the first payment to that corporation at its office in Providence, the car was badly damaged in an accident. Disagreement as to the liability for the damage to the car resulted in plaintiff making no further payments under the contract. When the Associates Discount Corporation repossessed itself of the car because of such failure, plaintiff disaffirmed the contract with defendant on the ground that he was a minor and brought the instant case to recover all moneys paid by him in connection therewith.

The law governing the disaffirmance of a contract by a minor is undisputed. *McGuckian* v. *Carpenter,* 43 R. I. 94. There is also no question that plaintiff was a minor at the time of the two transactions hereinbefore mentioned, and that an automobile was not a necessity in his condition and station in life. The decisive issue in the case was whether

in each instance defendant, well knowing that plaintiff was a minor, sold him the two cars under the pretense that it was selling them to his adult brother Michael, or whether such sales were in truth and in fact made to Michael. The jury decided that issue in favor of plaintiff and the trial justice subsequently approved their verdict upon his independent review of the evidence in ruling on defendant's motion for a new trial.

The defendant's exception to the refusal of the trial justice to direct a verdict in its favor is without merit. The evidence of record was so conflicting that the credibility of the witnesses became of prime importance in determining the basic question of fact at issue. The court has stated on numerous occasions that a verdict should not be directed for a defendant if on any reasonable view of the evidence the plaintiff is entitled to recover; that the trial justice is not then concerned with determining the weight of the evidence, nor with passing on the credibility of the witnesses; and that all reasonable inferences from the evidence must be drawn in favor of the plaintiff. *Nottie* v. *Picchione*, 74 R. I. 93; *Cardall* v. *Shartenberg's Inc.*, 69 R. I. 97; *Duffy* v. *United Electric Rys.*, 56 R. I. 450. Questions respecting the credibility of witnesses or the weight of the evidence are questions of fact and not of law. *Baccari* v. *W. T. Grant Co.*, 73 R. I. 376, 379. Applying the foregoing rules to the evidence in the instant case the ruling under discussion was without error, and this exception is overruled.

Under the exception to the denial of its motion for a new trial defendant contends chiefly, first, that such decision was against the weight of the evidence on the issue of liability; second, that the trial justice considered incompetent evidence in arriving at his conclusion; and third, that the damages are excessive. We will consider the questions thus raised in the order enumerated.

There is no doubt that defendant's liability was the subject of highly conflicting evidence determinable to a con-

siderable extent, if not entirely, on the credibility of the witnesses. Although the trial justice, who heard and observed the witnesses while testifying, expressed some doubt as to the credibility of the witnesses on both sides, as defendant points out, nevertheless upon consideration of all the evidence he concluded that the verdict did substantial justice between the parties. It is evident from a reading of the decision as a whole that the trial justice reached his conclusion by applying our well-known rule that where the evidence is so nearly balanced and is such that different minds could naturally and fairly come to different conclusions thereon, he has no right to disturb the finding of the jury, even though he may entertain doubt as to the correctness of the verdict. *Nichols* v. *New England Tel. & Tel. Co.*, 57 R. I. 180; *Downes* v. *United Electric Rys.*, 80 R. I. 382. Since it is our judgment that the trial justice applied the correct rule in this case, his decision will not be disturbed unless it is clearly wrong. *Murphy* v. *Palmer,* 73 R. I. 182, 187. There is nothing in the record that would justify us in so finding on the question of liability.

The defendant's next contention, as we understand it, is that the trial justice in passing on the motion for a new trial should have disregarded the testimony of Michael, plaintiff's brother, concerning the circumstances under which he signed the conditional sales agreement, arguing that such testimony contradicted a written agreement in violation of the parol evidence rule as applied in *Allen* v. *Marciano,* 79 R. I. 98.

The *Allen* case is clearly inapplicable as it concerned a decision by a trial justice sitting without a jury on entirely different facts. In our judgment the alleged objectionable testimony in the instant case was not directed to the variation of a valid written instrument as contended. Rather it tended to bring out all the circumstances surrounding the transaction in controversy so that first the jury and then the trial justice might fairly pass judgment on the basic

issue in the case, namely, whether the automobile was in fact sold to the plaintiff, a minor, or to his adult brother Michael.

The defendant's final contention under the exception to the denial of its motion for a new trial is that in any event the verdict of $415.95 as approved by the trial justice is excessive by $51.05, the amount paid by plaintiff to the Associates Discount Corporation, which was not a party to this case. In the absence of evidence showing that such corporation was not a purchaser for value without notice of the basic facts in controversy, defendant, so far as it appears of record, derived no benefit from that payment. It is our judgment that in the circumstances defendant should not be charged with the $51.05 which was paid to the Associates Discount Corporation and therefore the verdict is excessive by that amount.

The defendant's exception to the denial of its motion for a new trial is sustained, all other exceptions are overruled, and the case is remitted to the superior court with direction to grant a new trial unless the plaintiff shall, on or before December 30, 1955, file in the office of the clerk of that court a remittitur of all of the verdict in excess of $364.90. If such remittitur is filed, the superior court is directed to enter judgment on the verdict as thereby reduced.

BAKER, J., did not participate in the decision.

*John Quattrocchi, Jr.,* for plaintiff.

*Francis A. Kelleher, Thomas F. Kelleher,* for defendant.