JOSEPH ROTONDO *vs.* KAY JEWELRY COMPANY.

JUNE 22, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This action in assumpsit was brought to recover money paid by a minor as part of the purchase price of a diamond ring. The case was tried in the superior court by a justice thereof sitting without a jury and resulted in a decision for the defendant with costs. The plaintiff excepted to the decision and the case is here on his bill of exceptions. The only exception pressed is to the decision of the trial justice.

According to the undisputed facts the plaintiff, on August 8, 1953, purchased a diamond ring from the defendant, informing the latter that he was a minor nineteen years of age and that he was buying it as an engagement ring. The parties are agreed that plaintiff made part payment on the ring in the amount of $93.39. On that same day he presented the ring to his fiancee.

The engagement was terminated on April 10, 1954 and there is conflicting testimony as to whether the ring was returned to plaintiff by his fiancee. According to plaintiff, the ring is still in the possession of his former fiancee and shortly after the engagement was terminated he asked defendant to repossess the ring. There is no evidence that the ring was repossessed. According to defendant, the fiancee claimed to have returned it to plaintiff.

On July 6, 1954 plaintiff, while still an infant, brought this action in the district court of the sixth judicial district to recover the part payment he had made on the ring, and on August 30, 1954 the parties agreed to an entry of a decision for plaintiff in the amount of $93.39. The defendant then appealed the case to the superior court where it was heard *de novo* without a jury, and a decision was rendered for defendant as stated above.

The plaintiff has elected to disaffirm his contract with defendant and sues to recover the consideration thereunder that moved from him. It is settled in this state that a minor, with regard to his contracts for nonnecessaries, may disaffirm such contracts and recover the consideration that moved from him. It is also required that he return the goods or merchandise purchased under the contract if he is able to do so. *McGuckian* v. *Carpenter*, 43 R. I. 94.

The defendant contends, however, that as the law requires the infant to return the property purchased to the extent that he is able, the burden of proving that he is unable to return the property is on the infant. In other words, the defendant claims that an infant so disaffirming a contract must show by a preponderance of evidence that he is unable to return the goods which he received. Such rule in effect would impose a condition precedent upon an infant's right to recover the consideration that moved from him when he disaffirmed a contract for nonnecessaries.

The trial justice in accepting the proposition urged by defendant stated: "Now the question is here, on the evidence, whether the plaintiff has proved by a fair preponderance of the credible evidence that he is unable to return the ring. * * * Upon the evidence that has been presented to me, I do not feel that I can say that the plaintiff has proved his case by a fair preponderance of the credible evidence, and I give the decision to the defendant with costs."

We think it was error for the trial justice to require the plaintiff to prove by a preponderance of the evidence that

he was unable to return the ring. Nothing in the nature of a condition precedent can be interposed to defeat the right of an infant to disaffirm his contracts for nonnecessaries and to recover the consideration that moved from him.

In *McGuckian* v. *Carpenter, supra,* at page 97, this court stated that "the right of an infant to avoid his contract is *absolute* and paramount to all equities." (italics ours) In supporting the rule this court, quoting from *Chandler* v. *Simmons,* 97 Mass. 508, said that an infant's deed may be avoided "without the previous return, or the offer to return, the consideration paid therefor." When the question is considered in the light of the language quoted above, we are of the opinion that the plaintiff here may not be required to prove that he was unable to return the ring as a condition to his recovering the amount paid, and that the trial justice erred in requiring the plaintiff to sustain such burden of proof.

The plaintiff's exception is sustained, and the defendant may appear before this court on July 2, 1956 to show cause, if any it has, why the case should not be remitted to the superior court with direction to enter judgment for the plaintiff.

*Isidore Kirshenbaum, Burton Salk,* for plaintiff.

*Archie Smith, Raymond A. LaFazia,* for defendant.