293 A.2d 516.

WARWICK MUNICIPAL EMPLOYEES CREDIT UNION *vs.* DONALD McALLISTER.

JULY 21, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. The plaintiff brought this action by writ dated January 29, 1963, to recover upon a promissory note signed by the defendant on July 30, 1958. The defendant filed a plea of the general issue and a second plea stating that at the time of the execution of the note he was a minor under 21 years of age. The plaintiff demurred to defendant's plea of infancy on the grounds that it did not support any confession and avoidance, that it contained conclusions of fact and law, that it failed to allege sufficient facts to show that the defendant was immune from liability to the plaintiff, that it was vague, indefinite and uncertain, and that it failed to conclude with a proper prayer. The demurrer was overruled and then the parties proceeded to a trial on the merits before a justice of the Superior Court sitting without a jury.

The transcript reveals the following uncontradicted facts. The defendant signed this note on July 30, 1958, when he was a minor. The note was for $1,070.25 and was payable in weekly installments of $13.81. It purports to be secured by a mortgage on a 1954 automobile for the purchase of which defendant borrowed this money. The defendant testified he used the car for pleasure and for transportation to work. The defendant made no payments at all on the note. At the time of the trial he was 24 years of age. He testified, over plaintiff's objection, that he disaffirmed the contract and note. According to his counsel's statement to the court, defendant disaffirmed the contract the day he appeared in court in this case.

The trial justice rendered a written decision in favor of defendant. He found as a fact that the 1954 automobile was not a necessity for defendant. He held that even if

defendant's special plea of infancy was insufficient, the defense of infancy was available to him under the general issue and it was not necessary to file a special plea of infancy. He also held that defendant's failure to comply with the terms of the note by making the weekly payments was sufficient to show a disaffirmance of the contract. Further, he held that the contract was executory and as such voidable at the election of the infant. Before concluding his decision he noted that plaintiff offered no testimony at all as to the disposition of the 1954 vehicle and no explanation why it did not pursue its right to foreclose the mortgage purportedly secured by the 1954 automobile.

The case is here on plaintiff's bill of exceptions[1] which consists of three exceptions.

Under exception 1 plaintiff challenges the correctness of the trial justice's overruling of plaintiff's demurrer to defendant's plea of infancy. The plaintiff attacks the sufficiency of the plea and also argues that the plea was fatal because the prayer was omitted. We find no merit in this argument. The allegation that at the time of making the note defendant was a minor under 21 years of age was sufficient to apprise plaintiff that defendant was setting up a defense of infancy and thereby disaffirming the contract he entered into when he was a minor. The absence of a prayer does not detract from the sufficiency of the plea. This exception is overruled.

The plaintiff's exception 2 is to the trial justice's overruling its motion to strike defendant's answer to a question put to him during direct examination. We refer to the following portion of the transcript:

---

[1]Defendant has filed no brief and his counsel did not appear here to argue on his behalf. In the circumstances we proceeded to hear and determine this case only on argument and brief supplied by plaintiff's counsel.

"8  Q  You did disaffirm this contract and note, is that correct?

A  That's correct.

"Mr. Berberian: Just a moment. What is his answer? I didn't hear it.

"(Answer No. 8 Read By Court Stenographer)

"Mr. Berberian: Now, I object to this question and answer that he disaffirmed it. I move—well, the witness is answering before I have an opportunity to object but that being the case may I move that the answer be stricken.

"The Court: On what ground?

"Mr. Berberian: That there is a variance.

"The Court: On what ground?

"Mr. Berberian: That there is no plea upon which this evidence can be predicated.

"The Court: The objection is overruled.

"Mr. Berberian: Exception.

"The Court: Exception.

"(Plaintiff's Exception Noted)."

As is evident from the above, plaintiff based his objection and motion to strike on the ground that there was no plea upon which this evidence could be predicated. This exception falls in view of our holding above that defendant's special plea of infancy was sufficient.

In its brief plaintiff argues that in a suit upon a promissory note the defense of infancy is an affirmative defense, must be specially pleaded, and cannot be proven under a general denial. In the case at bar the defense of infancy was specially pleaded and, since we have held that the plea was sufficient, we do not reach plaintiff's contention that the plea of infancy is an affirmative defense which must be pleaded specially.

The plaintiff's exception 3 is to the decision of the trial justice. The question raised by this exception is: When must a person who signed a promissory note while he was

a minor disaffirm the same in order to escape liability thereon after he has attained majority?

The plaintiff argues in substance that the disaffirmance of an executory contract, to be legally effective, must take place within a reasonable time after attaining majority. The plaintiff argues further that such a contract is impliedly ratified by the failure to disaffirm it within a reasonable time after attaining majority and that the implication of ratification by silence is further warranted by the retention of the benefits after the infant attains his majority.

Applying the foregoing principles to the facts of this case, it concludes that where the maker of a promissory note executed during his infancy does nothing with respect thereto for three years after reaching his majority and thereafter merely alleges in his plea that he was a minor when he made the note with an express disaffirmance at the trial thereon, there is a failure to disaffirm within a reasonable time after reaching his majority.

Before passing on plaintiff's contentions, it may be helpful to refer to three factors which we consider pertinent here. The first is that this case does not involve necessaries. The trial justice's finding on this is supported by competent evidence and therefore will not be disturbed by us. Second, since defendant's counsel stated to the trial justice that the first opportunity that defendant had to disaffirm was at the trial, we do not deem it necessary to discuss or consider the trial justice's finding that defendant had disaffirmed the contract by his noncompliance with the terms of the note, that is, his failure to make the weekly payments called for by the note. Third, in view of the scarcity of evidence as to what became of the 1954 vehicle, we are not concerned in this case with the question of retention of benefits after disaffirmation. This case involves merely the borrowing of money by an infant and the execution of a promissory note as evidence of such borrowing.

While it is settled in this state that contracts of infants except for necessaries are voidable and not void, *Jacobs v. United Electric Rys.*, 46 R. I. 230, 125 A. 286 (1924), this court has not heretofore passed on the question raised by plaintiff under this exception. The authorities elsewhere have taken different views. *See Annot.*, 5 A.L.R.2d 7 et seq. (1949).

Some of the cases hold the ratification of an infant's executory contract will not be implied from his mere failure to disaffirm it after he becomes of age, even though the former infant remains silent and inactive in the matter for a long period of time. Other courts have held that to avoid liability upon his executory contract, it is incumbent upon the infant party to disaffirm it within a reasonable time after he attains the age of majority and that his mere failure to make timely disaffirmance will result in an implied ratification of the contract. The rulings in some of the latter cases have been based, in part at least, upon some peculiar factor, such as the acceptance or retention of benefits under the contract after the infant has attained legal age. See 5 A.L.R.2d 13, §5 et seq. for a discussion of this problem, 2 Williston, *Contracts* §239 et seq. (Jaeger 3d ed. 1959).

We note that the case at bar involves an executory contract on the part of the infant. In such a case we believe that the better rule is that ratification will not be implied from a defendant's mere silence or inaction, no matter how prolonged after majority. *See Majaika v. Jamison*, 115 N.J.L. 358, 180 A. 402 (1935); 5 A.L.R.2d §5 at 13.

Our examination of some of our own cases,[2] although not factually similar to the case at bar, lends support to this

---

[2]*Rotondo* v. *Kay Jewelry Co.*, 84 R.I. 292, 123 A.2d 404 (1956); *Keenan* v. *John Hancock Mutual Life Ins. Co.*, 50 R.I. 158, 146 A. 401 (1929); *Jacobs* v. *United Electric Rys.*, 46 R.I. 230, 125 A. 286 (1924); *McGuckian* v. *Carpenter*, 43 R.I. 94, 110 A. 402 (1920).

conclusion. As the court said in *Keenan* v. *John Hancock Mutual Life Ins. Co.,* 50 R. I. 158, 162, 146 A. 401, 402 (1929):

> "* * * this court has consistently refused to lessen the protection given to infants in the matter of their contracts."

See also 2 Williston, *Contracts* §239 at 48 (Jaeger 3d ed. 1959), where the author points out:

> "If the infant's bargain is wholly executory, the mere failure to repudiate the bargain until a claim is made under it is probably insufficient to indicate that the right to avoid the contract has been given up."

We hold that an infant who has attained majority may disaffirm an executory contract by raising the defense of infancy when suit has been brought for the alleged breach or he may disaffirm the contract at the trial as was done in this case. Prior to the suit he does not have to take any action to exercise his power to avoid liability. *Restatement of Contracts* §431, comment *e* at 812 (1932). Here the defendant has done nothing to ratify this contract upon coming of age and therefore his disaffirmance was timely.

All of the plaintiff's exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*Aram K. Berberian,* for plaintiff.

*Francis J. Barlow,* for defendant.