Derek C. SABOURIN, a minor, by his next friend, Christina SABOURIN, and Christina Sabourin, individually

v.

LBC, INC., Crum & Forster Commercial Insurance, United States Fire Insurance Company.

Civ. A. No. 89–0028 L.

United States District Court, D. Rhode Island.

Feb. 22, 1990.

See also 731 F.Supp. 1145.

John H. Hines, Providence, R.I., for plaintiffs.

Jeanne LaFazia, Providence, R.I., for defendants.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This matter is presently before the Court on the motion of all defendants for summary judgment on various Counts of the First Amended Complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The instant action arises as a result of a motor vehicle accident which occurred on August 31, 1987 and resulted in injury to the minor child, Derek Sabourin. At all times material to this action, Derek Sabourin and his brother, David Sabourin, Jr., were unemancipated minors under the legal custody of their mother, Christina Sabourin, pursuant to a divorce decree. Prior to the date of the accident, however, both parents had agreed to allow the boys to move into their father's home in Jamestown, Rhode Island, and they had done so on August 30, 1987.

Defendant LBC, Inc. is a Massachusetts corporation engaged in the construction business. At the time this incident occurred, Derek's father, David Sabourin, Sr., was employed by LBC as a construction superintendent. David Sabourin, Jr. also worked for LBC full-time as a general laborer. As part of his job, Mr. Sabourin, Sr. was allowed the use of a pickup truck owned by LBC. Mr. Sabourin testified by deposition that the vehicle was provided to him for transportation relative to what he had to do every day, including driving to and from work and completing work-related errands during the course of the day. David Sabourin, Jr. also had regular use of his father's company owned pickup truck during the course of the working day.

At all times relevant to this matter, LBC had a written policy which stated that employees were to use company vehicles for business only, unless special permission had been granted by the President of LBC. The written policy also required that company owned vehicles were not to be used for personal reasons except at an "insignificant level of mileage."

On the evening of August 31, 1987, David Sabourin, Jr. and his brother, Derek, requested permission from their father to return to their mother's house to pick up the rest of their belongings. Mr. Sabourin gave David permission to drive the company owned pickup truck from his residence in Jamestown, Rhode Island to Christina Sabourin's home in Greenville, Rhode Island. David Sabourin, Jr. was seventeen years old at this time and possessed a valid Rhode Island driver's license. His father testified that he had driven with David at various times in the past and had no reason to believe that he was not capable of driving the truck on the night in question. Mr. Sabourin also stated at his deposition that his son appeared sober and was in no way visibly impaired. Upon arriving at their mother's home, David and Derek engaged in some conversation and then gathered the

personal items for which they had come. Christina Sabourin stated in her deposition that both boys were sober and that neither showed any signs of impairment from drugs or alcohol. She also testified that she made no objection, nor did she make any effort to prevent David from driving away in the truck with his younger brother, Derek, as a passenger.

At approximately 10:50 p.m. on the date in question, the pickup truck owned by defendant, LBC, and being operated by David Sabourin, Jr., was found overturned on Interstate Route 295 South. David Sabourin, Jr. was pronounced dead as a result of that accident and Derek Sabourin suffered abrasions and a fractured wrist. After being hospitalized overnight, Derek treated on three occasions with Dr. Henry Litchman. The bills incurred as a result of his treatment with Dr. Litchman totalled $396.00.

In early November of 1987, defendant LBC received a letter from Attorney John Harwood stating that his law firm had been retained by Derek Sabourin relative to the personal injury he had sustained in the accident of August 31, 1987. Mr. Harwood also requested that LBC forward his letter to its insurance carrier in order to facilitate further discussion in the case.

On March 16, 1988, Derek Sabourin, by and through his parent and natural guardian, David Sabourin, Sr. released any and all claims against defendant LBC and defendant Crum and Forster Commercial Insurance arising out of the motor vehicle accident of August 31, 1987. David Sabourin, Sr. executed the release on behalf of his son in consideration of the sum of $4500. David Sabourin, Sr. used the settlement proceeds to pay the attorney's fees and the medical bills which were incurred on behalf of his son. Derek Sabourin received the remainder of the proceeds which totalled $2,500.00. In July of 1988, Derek moved back to his mother's home. While living with his mother, Derek used $1,650.00 of the money he had received in settlement of his claim for personal injuries against defendants to purchase a car. His mother, Christina Sabourin, gave Derek permission to purchase the car and registered the vehicle in her own name.

Plaintiff, Christina Sabourin, brought this action individually and on behalf of her minor son, Derek Sabourin. In Counts I and II of her First Amended Complaint, plaintiff seeks to recover damages on behalf of Derek for the personal injuries he sustained in the motor vehicle accident of August 31, 1987. Plaintiff alleges that such accident was the direct and proximate result of the negligence of the agents, servants and employees of defendant LBC. Plaintiff also seeks recovery for her own physical and emotional suffering and for the medical expenses she incurred on behalf of Derek. Counts III, IV, V and VI of plaintiff's First Amended Complaint all stem from Christina Sabourin's contention that the release and settlement of Derek's claims against defendants, executed by David Sabourin, Sr. on behalf of his son without plaintiff's knowledge or consent, is void and was obtained in violation of her rights as the legal guardian with sole and exclusive custody of her minor son, Derek. Counts III and IV of the First Amended Complaint allege tortious interference with parental custody and tortious conversion respectively. Count V alleges that defendants entered into a civil conspiracy to deprive plaintiff of her parental custody rights and of the lawful possession, use and control over the rights of settlement for the personal injuries to Derek. Finally, in Count VI of the complaint, plaintiff alleges that defendants' actions constituted unfair or deceptive acts or practices in the conduct of trade or commerce.

Defendants Crum and Forster Commercial Insurance and United States Fire Insurance Company seek summary judgment in their favor with respect to Counts I and II of the complaint on the basis that such an action is prohibited under Rhode Island law. The law provides that "[a]n injured party, or, in the event of that party's death, the party entitled to sue therefor, in his or her suit against the insured, shall not join the insurer as a defendant." R.I.Gen.Laws § 27–7–2 (1989). This Court agrees that neither insurance company is a

proper defendant in plaintiff's suit for damages resulting from the alleged negligence of LBC with respect to the motor vehicle accident of August 31, 1987. Plaintiff asserts that since Counts I and II of the complaint are directed only against defendant LBC the motion of the insurers for summary judgment on those counts is moot. To the extent that it is necessary to clarify any ambiguity in the pleadings, the motion of defendants Crum and Forster Commercial Insurance and United States Fire Insurance Company for summary judgment with respect to Counts I and II of the First Amended Complaint is granted.

All defendants have moved for summary judgment with respect to Count VI of plaintiff's First Amended Complaint which alleges that defendants engaged in unfair or deceptive acts or practices in the conduct of trade or commerce.[1] Since plaintiff's counsel indicated at oral argument that he would not be pursuing this allegation, the motion for summary judgment by all defendants on Count VI is granted.

Finally, all defendants ask this Court to grant summary judgment in their favor with respect to the allegations of civil conspiracy contained in Count V of the First Amended Complaint.[2] After a careful review of the undisputed facts and the law relative to this charge, this Court concludes that defendants are entitled to judgment as a matter of law. Therefore, the motion of all defendants for summary judgment on Count V is granted.

### DISCUSSION

■ It is undisputed that pursuant to a final judgment of divorce entered by the Rhode Island Family Court on May 18, 1987, Christina Sabourin was awarded custody and physical possession of the minor child, Derek Sabourin. Moreover, plaintiff asserts that in September of 1987 defendant LBC received written notice which indicated that plaintiff had been awarded custody of both David and Derek and which contained a true copy of the family court judgment setting forth the terms relating to the custody and physical possession of the minor children. Plaintiff alleges, therefore, that LBC had specific knowledge of her legal custody of David and Derek, which knowledge it imparted to its insurance carrier and adjustor with regard to the personal injury claim made on behalf of Derek Sabourin. After receiving such information, however, defendants entered into a settlement agreement with respect to Derek Sabourin's claims without consulting plaintiff, Christina Sabourin. Based on these facts, plaintiff contends that defendants formed a joint assent of the minds for the purpose of achieving an unlawful enterprise, to wit, the settlement or compromise of a personal injury claim of a minor child without the knowledge, consent or involvement of the sole custodial parent.

A civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means. *See* 15A C.J.S. "Conspiracy" § 1(1) (1967). The Rhode Island Supreme Court has held that in order to establish a civil conspiracy,

> evidence must be produced from which a party may reasonably infer the joint assent of the minds of two or more parties to the prosecution of the unlawful enterprise. Disconnected circumstances any one of which, or all of which, are just as consistent with a lawful purpose as with an unlawful undertaking are insufficient to establish a conspiracy.

*Stubbs v. Taft*, 88 R.I. 462, 468, 149 A.2d 706, 708-9 (1959) (citations omitted). In the instant case, there is no evidence of an unlawful objective being pursued by defendants. Thus, even if plaintiff could establish a "joint assent of the minds," plaintiff has alleged insufficient facts from which a conspiracy could reasonably be inferred.

---

1. Defendants requested summary judgment with respect to Count V but defendants' memorandum and oral argument make clear that the motion is actually directed at Count VI which alleges unfair or deceptive acts or practices in the conduct of trade or commerce.

2. Again, defendants make reference to Count IV but their arguments in favor of summary judgment are clearly directed at Count V of the First Amended Complaint alleging civil conspiracy.

As a general rule, a parent cannot compromise or release a minor child's cause of action absent statutory authority. *Julian v. Zayre Corporation*, 120 R.I. 494, 498, 388 A.2d 813, 815 (1978). The Rhode Island statute relating to the authority of a parent to release the claims of a minor child provides:

> A release given by both parents or by such parent or guardian as has the legal custody of a minor child or by such guardian or adult spouse of a minor spouse shall, where the amount of such release does not exceed ten thousand dollars ($10,000) in value, be valid and binding upon such minor.

R.I.Gen.Laws § 33–15–1(b) (Supp.1989).

This language expressly validates only those releases given by both parents or the parent who has legal custody of the child. This Court recognizes that David Sabourin, Sr. did not have the authority to enter into a binding settlement agreement on behalf of the minor child, Derek Sabourin. However, although the settlement and release may not be binding on the infant, Derek Sabourin, such agreement is not entirely void, but is voidable only. *See* 43 C.J.S. "Infants" § 179 (1978); *Warwick Municipal Employees Credit Union v. McAllister*, 110 R.I. 399, 404, 293 A.2d 516, 519 (1972) (it is settled in this state that contracts of infants except for necessaries are voidable and not void). Thus, the agreement entered into on Derek's behalf may be ratified by him after he comes of age and must be disaffirmed by him within a reasonable time after attaining majority.[3] *See* 43 C.J.S. "Infants" § 179 (1978).

At the time defendants executed the release and settlement agreement in this matter, Derek was living with his father and was represented by an attorney retained by his father, David Sabourin, Sr., on his behalf. After negotiating with defendants, the attorney obtained $4,500.00 in settlement of Derek's claims, in consideration of which a release was given which was signed by David Sabourin, as parent and guardian of Derek. Although the settlement and release are voidable by Derek, it is clear that the transaction was a lawful one. Thus, even viewing the evidence in a light most favorable to plaintiff, there is insufficient evidence to support an allegation of conspiracy. Therefore, this Court concludes that defendants are entitled to summary judgment on Count V as a matter of law.

CONCLUSION

For the reasons stated above, the motion of defendants Crum & Forster Commercial Insurance and United States Fire Insurance Company for summary judgment with respect to Counts I and II of the First Amended Complaint is granted. The motions of all defendants for summary judgment as to Counts V and VI of the First Amended Complaint are also granted.

*It is so Ordered.*

---

3. Derek Sabourin was born April 7, 1972 and thus will reach the age of majority (18) in April of 1990.